May Term, 1828.

LAMBERT v. SANDFORD,

</div>

---

## LAMBERT *v.* SANDFORD.

A *nolle prosequi* to the whole declaration has the effect, not of a *retraxit*, but of a discontinuance; and is no bar to a subsequent suit for the same cause.

An attorney at law has no authority to enter a *retraxit;* that being a perpetual bar.

A judgment will not be reversed because a motion for a new trial, made on the ground of the verdict's being contrary to evidence, has been overruled; unless it be clear that the verdict is not warranted by the evidence.

If the payee of a bill of exchange, accepted for the drawer's accommodation, give time to the drawer without the acceptor's knowledge, the latter is not thereby discharged; though the payee knew that the acceptance was made for the drawer's accommodation.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—*Sandford*, as the indorsee of *Boudinot*, brought this action of assumpsit against *Lambert*, as the acceptor of a bill of exchange, drawn by *Hamilton* in favour of *Boudinot*, cashier. The defendant, *Lambert*, pleaded, first, non-assumpsit; on which issue was joined. He pleaded, secondly, that the bill became the property of the bank of *Vincennes* by the blank endorsement of *Boudinot*, cashier, and his delivery thereof to the bank; that the bank, owners of the bill, sued the defendant, *Lambert*, thereon; and after service of the writ, and after the defendant had pleaded, the parties appeared by their attornies, and the plaintiffs would not further prosecute their suit, therefore it was considered that the plaintiffs should take nothing by their writ, but be in mercy, &c., and that the defendant should go thereof without day. To this plea, there was a general demurrer, and judgment for the plaintiff. The defendant pleaded, thirdly, that on the first of *July*, 1822, the charter of the bank of *Vincennes* became forfeited, and its franchises were seized by the state; and that, at the time

<div style="text-align:right">

Wednesday, May 7.

</div>

of the forfeiture and seizure, the bill belonged to the bank. To this plea, the plaintiff replied that, at the time of the seizure, the property of the bill was not in the bank. On this replication issue was joined.

On the trial of the issues, the defendant offered to prove that he accepted the bill for the accommodation of the drawer, which was known at the bank when the bill was discounted; that after the bill became due, the bank stopped the drawer at *Vincennes*, on his way down the river, in *May*, 1821, in conseqence of the non-payment of the bill, and then agreed to give him three months for payment from the time the bill became due, on his paying the discount; that the discount was paid, and the credit given, without the knowledge of the defendant; and that the drawer was, at the time of this arrangement, able to pay. This testimony was objected to, and the objection sustained.

At the trial it was admitted, that the franchises of the bank were seized on the first of *July*, 1822. The plaintiff proved the signatures of the acceptor, endorser, and drawer. He proved that on the 8th of *February*, 1822, *Hart*, as attorney of *Sandford*, the plaintiff, gave notice to the defendant, that the bank had assigned the bill to *Sandford*. He proved that *Tabbs*, as attorney of the bank, in the fall of 1821, or winter of 1822, had filed a declaration against *Lambert* on the bill; that the bill, when delivered to him, belonged to the bank; that shortly after the commencement of the suit for the bank, it was conducted by him and *Hart* under the impression that the property was in *Sandford;* that from the spring or winter of 1822, he considered the bill as the property and under the control of *Sandford;* that the bill was always in *Tabb's* possession from its delivery to him until it was filed in the papers of the suit; that *Sandford* never had actual possession of the bill; that *Tabbs* had only been attorney for *Sandford*, as to this bill, since *Hart's* death in *December*, 1822; that the endorsement on the bill, "Pay to *Isaac Sandford* or to his order," was made at the *April* term, 1825; that *Tabb's* receipt to the bank for collection, had been returned to him; and that the suit of the bank against the defendant was dismissed at the *October* term, 1824.

This was all the evidence in the cause. The jury gave a verdict for the plaintiff for 1,020 dollars in damages; a motion for

a new trial was made and overruled; and judgment rendered according to the verdict.

The plaintiff in error relies upon three grounds for the reversal of the judgment: 1st, that the second plea was a good bar, and the demurrer to it should not have been sustained; 2dly, that the Court should have granted a new trial, the plaintiff below having failed to prove any property in the bill; 3rdly, that the evidence offered as to the discharge of the defendant, on account of time given to the drawer, should have been admitted.

As to the first objection, assuming that the suit of the bank was disposed of by a *nolle prosequi*, which is the most that the plaintiff in error contends for, we think the law is against him. It has been held, that a *nolle prosequi* cannot be distinguished in reason from a discontinuance, for, in either, the party may afterwards commence another action for the same cause. *Cooper* v. *Tiffin*, 3 T. R. 511. And in a late valuable book on practice, one of the grounds on which a *nolle prosequi* to the whole declaration is distinguished from a *retraxit* is, that the former is not a bar to a future action for the same cause. 2 Arch. Prac. 250. Besides, the plea states this disposition of the cause to have been made by the attorney; who had no authority to enter a *retraxit*, because that is a perpetual bar. *Kellogg* v. *Gilbert*, 10 Johns. R. 220. If a *nolle prosequi*, therefore, when made in person, were a bar to another suit, it would not be so in this case, the entry here being by attorney.

The second objection is not more substantial than the first. It is true, that the evidence is not clear, as to whether the property of the bill was in *Sandford*, or in the bank, at the time the franchises of the corporation were seized. The endorsement of *Boudinot*, the payee, was in blank. The gentleman who had the bill, and was the attorney for the bank, considered it, for a considerable time before the seizure, as the property of *Sandford* and under his control. His reasons for so considering it are not stated. If the defendant below supposed them insufficient, he should have inquired what they were. The jury to whom the question was submitted, after hearing a variety of testimony, have determined it in favour of the plaintiff below, and the Court in which it was tried has refused to disturb the verdict. Considering the point, as we do, a doubtful one,

it becomes us, as an appellate Court, to let it rest where it is.

The third objection is one of more difficulty.  A bill is accepted for the drawer's accommodation; and a bank, knowing that, discounts it for the drawer.  The bill becomes due, and the bank gives the drawer an additional credit, without the knowledge of the acceptor.  The question is, does this indulgence to the drawer discharge the acceptor, as to a holder who received the bill after it became due?  The plaintiff in error contends, that the acceptor here is only a surety, and refers to a case in Hardress, 485.  Should that case be thought to bear upon this, it is answered by *Raborg* v. *Peyton*, 2 Wheat. 385, which expressly overrules it.  Indeed, without going further, this latter decision settles the point, that the acceptor, whether for the drawer's accommodation or not, is a principal, and not a surety, as to the payee.  The Court says, that, "*prima facie*, every acceptance affords a presumption of funds of the drawer in the hands of the acceptor; and is, of itself, an express appropriation of those funds for the use of the holder.  The case may, indeed, be otherwise; and then the acceptor, in fact, pays the debt of the drawer; but as between himself and the payee it is not a collateral, but an original and direct undertaking.  The payee accepts the acceptor as his debtor, and he cannot resort to the drawer but upon a failure of due payment of the bill."  In the case before us, the bank lent the money to *Hamilton* upon the security of this bill: that *Lambert* should be the acceptor, and therefore liable as the principal, was the consideration of the loan.  Had it been otherwise, it is fair to presume that *Hamilton* would have been the acceptor.  The bank's knowledge that the acceptance was for the drawer's accommodation, is not considered material; for it was not, in our opinion, essential to the validity of the bill, or to its legal effect according to its face, as respected the payee, that the acceptor should be benefited by the consideration.  In this view of the subject, the time given to *Hamilton*, cannot affect the responsibility of *Lambert*, the principal in the contract.  He was liable to a suit on his acceptance at any time after the bill became due, and could derive no benefit, not even of delay, from the bank's arrangement with the drawer for time.  Neither could the indulgence to the drawer operate to the injury of the acceptor; for if before the expiration of the time given, *Lambert* had been

compelled to pay, his remedy over against *Hamilton* would not have been retarded by the arrangement between the latter and the bank, with which *Lambert* had no concern, and by which he could not be bound. As to this third ground relied on by the plaintiff in error, his strong authority is *Laxton* v. *Peak*, 2 Campb. N. P. 185. That case, however, is contradicted by the subsequent one of *Fentum* v. *Pocock*, 5 Taunt. 192, cited by the defendant in error. The latter is in accordance with our ideas of the law (1):

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Judah* and *Dewey*, for the plaintiff.

*Tabbs*, for the defendant.

(1) Vide, on this subject, *Kerrison* v. *Cooke*, 3 Campb. 362.—*Adams* v. *Gregg*, 2 Stark. R. 531.—*Hill* v. *Read*, D. & R. 26. The drawer is not discharged by the giving of time to the accommodation *acceptor*. *Collett* v. *Haigh*, 3 Campb. 281. Nor, if the acceptor be the agent of the drawer, is the latter discharged by time given to the former. *Clarke* v. *Noel*, id. 411. In a very late case, *Parke*, J. says,—"I think that the decision in *Fentum* v. *Pocock*, where it was held, that the acceptor of an accommodation bill was not discharged by giving time to the drawer, is good sense and good law." *Price* v. *Edmunds*, 10 Barn. & Cress. 578.