SuiiLiYASr, J.
Assumpsit by Bolcer against Lister. The declaration contained two counts. The first was on a promissory note made by the plaintiff in error and payable to one Nathan Lister, by Lister assigned to John Wood, by Wood to 'John Cain, and by Cain to Bolcer, the defendant in error. The second count was for money had and received, money paid, laid out, and expended, &e. The defendant in the Circuit Court pleaded three pleas: 1, Non assumpsit; 2, To the first count in the declaration, that the note in that count mentioned was given on an illegal consideration in *this, that said note was made by the defendant, and indorsed by said N. Lister to the said John Wood, to *472 be discounted by said Wood for the defendant; and that Wood did at, &c., receive the said note from the defendant, and did then and there issue and pay to the defendant therefor his own, to wit, said Wood’s individual small bills, part thereof being of the denomination of $1.00,- part of the denomination d $2.00 bills, &c., payable to his own order, &c., which were then and there issued by said Wood to be used ás a circulating medium, and as a substitute for small bank notes, &c. The third plea was also to the first count, and was a statutory plea of payment. Similiter to-the first plea; replications to the second and third. Verdict for the plaintiff, motion for a new trial overruled, and judgment on the verdict.
On the trial, Wood, the assignee of Nathan Lister, was called as a witness for the defendant, by whom he was asked to state what was the consideration for which said promissory note was given. The witness was thereupon informed by the Court, that if the consideration of the note was small bills, issued by himself for the purpose of being used as a circulating medium, and as a substitute for small bank notes, as alleged in defendant’s plea, and if by answering he would have to state matters that would subject him to a penalty, he was not bound to answer the question; and Wood thereupon refused to answer. To that opinion of the Court the defendant excepted.
The instruction of the Court to the witness was correct.. The statute of February 24th, 1840, (Acts of 1840, p.-27), prohibits the circulating and issuing of small bills made by individuals, companies, or corporations in this State, and provides that any individual, &c., who shall issue or cause to be issued any such small bill, for the purpose of passing the same as a circulating medium, or as a substitute for small bank notes, shall for each offense forfeit and pay double the amount of each bill so issued, to be recovered by action of debt in the name of the State of Indiana against such individual, &c. A witness is not bound to answer any question, if his answer will expose him to criminal- punishment or a penal liability. 1 Stark. Ev., 191; Dandridge v. Corden, 3 Carr. & Payne, *473 *11; Roberts v. Allatt, 1 Mood. & M., 192; Cates v. Hardacre, 3 Taunt., 424.
The defendant then introduced a witness to prove admissions, made by Wood after he had indorsed the note to Cain, that he (Wood) knew at the time of making said note, that it was given by defendant in consideration of said small bills, issued by Wood to be used as mentioned above, but the Court would not allow the testimony. The defendant excepted to that opinion also. The Court did right in rejecting the testimony. The admissions of Wood, made after he had assigned the note, can not be received to prejudice his assignee. Pocock v. Billing, 2 Bing., 269; Frear v. Evertson, 20 J. R., 142.
The next error complained of was the refusal of the Court to grant a new trial. The ground of the motion of the defendant was, that he was surprised at the trial by the refusal of John .Wood to testify, &c. The defendant’s motion was supported by his own affidavit and the affidavit of Wood, The latter in his affidavit stated, that he would have given evidence of the facts of the case on the trial, but that he understood the Court to say that by doing so, he would inculpate himself in a moral point of view, and for that reason only, and not for fear of any legal liability, he declined answering; that he was advised that he had misunderstood the Court; and that he would, if a new trial were granted, give his evidence on such trial, and state that the sole consideration for the note sued on was as stated in defendant’s second plea, &c. The defendant in his own affidavit states that, previously to the trial. Wood assured him he would swear on the trial, that the consideration of the, note sued on was as is set forth in the second plea; and that he 'was surprised by Il’ood’s refusing to swear as he had promised.
The motion was correctly overruled. If a new trial had been granted, Wood-might, again have refused to testify, and the Court would possess no power to compel him. It would be a vain act in the Court to order a new trial, on the promise of a -witness to disclose facts that would subject him to a penalty, when it was known that he might or might not disclose thorn as he pleased. Courts do not lend .a very willing ear to *474 motions for new trials, and never entertain them unless injustice has been done, and there be probable evidence that the merits will be more fully tried on a reinvestigation of the case.
W. W. Wich and L. Barbowr, for the plaintiff.
C. Fletcher, 0. Butler, and S. Yandes, for the defendant.
The defendant still insists that the judgment should be reversed, because there was no evidence offered to the jury of the note mentioned in the first count, nor of the assignment to the plaintiff. It seems to us, however, that there was proof both of the note and the assignment.
Per Curiam.—The judgment is affirmed, with 3 per cent. damages and costs.