## CAHILL and Another *v.* VANLANINGHAM.

Action against three defendants. Suggestion of not found as to one. The others appeared and pleaded. Judgment, that the plaintiff recover against the defendants, &c. *Held*, that the judgment was only against the defendants who had appeared and pleaded.

Where the jury have been properly instructed, the Supreme Court are reluctant to disturb the verdict, except where it is clear that there was no evidence to support it.

May Term,
1856.

CAHILL
v.
VANLANING-
HAM.

Saturday,
June 7.

APPEAL from the *Marion* Circuit Court.

STUART, J.— *Vanlaningham* sued *Owen* and *Terence Mc-Manus*, and *Cahill*, at the *October* term, 1849, of the *Marion* Circuit Court, in an action of trespass *quare clausum fregit*. The damages are laid at 300 dollars. Verdict and judgment for the plaintiff, for 80 dollars.

The record contains all the evidence, in proper form. There is a suggestion of not found as to *Terence McManus*. The other defendants, *Cahill* and *Owen Manus*, join in the plea of the general issue.

*Cahill* also files for himself two special pleas, setting up a release by the plaintiff to the *Peru and Indianapolis Railroad Company*, as surveyed through his farm, eighty feet wide. It is averred that the trespass complained of, was in doing necessary work on that road as contractors. Replication, that the gravel, &c., in the declaration specified, were deposited on the plaintiff's land by the defendants, outside of the surveyed lines as released to the railroad company, without this, &c.

The errors urged in argument are, 1. That the judgment was rendered against all the defendants below; 2. That the supposed trespasses were several and not joint; and hence there was no joint liability.

The first position is not sustained by the record. There had already been a suggestion of not found as to *Terence*. The other defendants appeared and pleaded to the action. The language of the judgment is, that the plaintiff recover against the defendants. This can mean only those defendants who had appeared and pleaded. After the return of not found, *Terence* was no longer a party to the suit. As to him it was abated. *Glidewell* v. *McGaughey*, 2 Blackf. 359.—R. S. 1843, p. 675. The recovery is still properly expressed as against the defendants.

The second point, viz., that the trespasses were several, presents more difficulty. Each of the railroad sections, seventeen and eighteen, lay partly in, and joined on the

plaintiff's land. *Terence McManus* was contractor on section seventeen, and *Owen* superintended for him. *Cahill* had section eighteen. A stake in the road on the plaintiff's land, indicated the line between the two sections. They were worked by the parties under separate contracts with the railroad company. Both carted the surplus gravel unto the plaintiff's land, outside of the surveyed lines of the road, as released eighty feet wide—though not in equal proportions. It is not to be presumed that they worked up to this imaginary line with any great exactness. Nor can we say that at this point there is no evidence from which a jury might fairly infer that they were in some measure joint trespassers. It was a fact peculiarly for the consideration of the jury. It was left to them as such by the Court, under proper instructions, that for acts done within the limits, eighty feet wide, released to the road, the defendants were not liable; that it was necessary to the conviction of both defendants that the jury should be satisfied of their joint purpose and action in relation to what was done outside the road limits; that a joint purpose might be established by overseeing, advising, or directing the acts complained of, &c.

The law of the case was thus fairly and correctly given by the Court; and the questions of fact submitted to the jury. *Guille* v. *Swan*, 19 Johns. R. 382.

Having, under these instructions, found affirmatively that the trespass was joint, and the Court below having expressed its acquiescence by overruling the motion for a new trial, we should be reluctant to disturb the verdict. Such has always been the rule in this Court, whenever they could not clearly say there was no evidence to support the verdict.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*A. G. Porter*, for the appellants.

*L. Barbour*, for the appellee.