## MILLHOLLIN *v.* JONES.

In an action to recover the possession of real estate, the defendant, by admitting that he is the plaintiff's tenant, admits the plaintiff's title.

In an action to recover the possession of real estate, the defendant, under the R. S. 1852, can not give evidence of an outstanding title in a third person, under a general denial of the allegations in the complaint.

A defendant who seeks to defeat a *prima facie* case made by the plaintiff, by proof of an affirmative fact, must plead it.

A verdict will not be set aside as being contrary to the evidence, where the evidence is conflicting.

APPEAL from the *Warren* Court of Common Pleas.

GOOKINS, J.—This action was by *Rachel Jones* against *Hugh Millhollin*. The complaint alleged that the plaintiff was entitled to the possession of a tract of land on the first day of *March*, 1854, and that she was still so entitled; that she had previously leased the same to one *A. S. Jones*, whose term expired on said first day of *March*; that before that time he underlet the premises to the defendant for the residue of his term; that the term having expired,

he keeps the plaintiff out, refusing to surrender the possession, and has committed waste by destroying a smoke-house. She prays for possession and damages.

The defendant answered in a single paragraph, in which he denied that the plaintiff was entitled to the possession of the land described, on the first day of *March*, 1854, or that she was then entitled to it; denied any knowledge of the letting to *Jones*, but admitted that he took possession of the farm after *Jones* left it; and averred that the plaintiff had let the farm to himself and one *Buckley* for one year from *March* 1, 1854, at a certain specified rent; and denied that he had committed waste as charged.

Reply in denial of the letting to the defendant and *Buckley*.

Verdict for the plaintiff. New trial refused, and judgment.

The appellant complains that the Court of Common Pleas refused to instruct the jury that if they believed from the evidence that *Rachel Jones* had sold the land to *John Quick*, and he was to have the possession, she was not entitled to recover the possession of the premises.

This instruction was rightly refused. The plaintiff's title was admitted by the answer, by the averment that the defendant was in as her tenant; nor did the answer contain any allegation that the plaintiff had sold to *Quick*. But if, under the defendant's denial of the plaintiff's right to the possession on the first of *March*, 1854, an issue arose similar to the general issue in ejectment, still we are of the opinion that under the present code of practice, which requires the parties to allege specifically the facts which constitute the cause of action or defence, an outstanding title can not be given in evidence under a general denial. If the plaintiff shows a *prima facie* case, which the defendant seeks to defeat by an affirmative fact, he must plead it. The answer must contain "a statement of any new matter constituting a defence," &c. 2 R. S. 39, s. 56.

There is another reason, if it were needed, why the instruction should not have been given. If the plaintiff had

sold the land to *Quick*, she had no doubt a good reason for turning the defendant out, so that she might deliver the possession to her vendee.

The verdict is complained of as contrary to the evidence. The evidence is conflicting; hence we can not disturb it.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*R. A. Chandler*, for the appellant.