Nov. Term,
1856.

ROBERTS
v.
NODWIFT.

</div>

---

### ANTHONY v. LEWIS.

<div align="right">

8   339
Case 1
170   539

</div>

ERROR to the *Delaware* Circuit Court.

<div align="right">

*Tuesday,
December* 9.

</div>

---

### ROBERTS v. NODWIFT and Another.

A new trial will not be granted for the reason that the verdict is alleged to be contrary to law and evidence, except in very strong cases.

An action upon an undertaking in the nature of replevin bail, to return

the property in controversy, if such return should be adjudged, pay costs, &c., is an action for a money demand on contract.

If the recovery in such cases be less than 50 dollars, the plaintiff must pay costs.

A verdict in accordance with the weight of evidence, and with justice, will not be disturbed on account of erroneous instructions to the jury.

*Thursday,
December* 11.

APPEAL from the *Warren* Court of Common Pleas.

STUART, J.—Suit by *Roberts* against *Nodwift* and another, upon an undertaking in the nature of replevin bail, to return the horse in controversy if such return should be adjudged, pay costs, &c. Trial by jury, verdict for *Roberts* for 43 dollars and 26 cents, judgment, motion for a new trial overruled, and the evidence made part of the record. *Roberts* appeals.

The first of the causes assigned for a new trial is rather unpromising, and by no means a favorite with the courts. It is this: the verdict is contrary to law and evidence, and is not for enough money. Courts will seldom disturb a verdict for such a cause, unless the case is a very strong one; and this is not one of that class.

The instructions to the jury are complained of; but this Court has often decided that a verdict in accordance with the weight of evidence, and with justice, will not be disturbed on account of erroneous instructions to the jury. *Harris* v. *Doe*, 4 Blackf. 369.—*Andre* v. *Johnson*, 6 *id.* 375. The evidence is all in the record, and we think on examination, that it brings this case clearly within the rule cited.

The Court taxed the costs against the plaintiff, and of this he also complains. In actions for money demands on contract, commenced in the Circuit Court or Common Pleas, if the plaintiff recover less than 50 dollars, inclusive of costs, he shall pay costs. This case is not within any exception recognized in the statute or by the courts. 2 R. S. p. 126. For decisions on a similar statute see 1 Ind. R. 81; 5 Blackf. 495; 8 *id.* 122; 5 Ind. R. 176; *id.* 545.

The only question that can arise as to costs is, was

this undertaking to return the horse, a money demand on contract?

The same statute answers this question conclusively. Thus, "The phrase, 'money demands on contract,' when used in reference to an action, means any action arising out of contract, where the relief demanded is a recovery of money." 2 R. S. p. 223. In *Brock* v. *Parker*, 5 Ind. R. 538, the suit was for a breach of covenant of articles of apprenticeship, and the recovery less than 50 dollars. It was held that the plaintiff was liable for costs.

The suit on the undertaking to return the horse, &c., was clearly a money demand upon contract; and the recovery being less than 50 dollars, and none of the exceptions intervening, the plaintiff was liable for costs.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, for the appellant.