ROBERTSON         *Per Curiam.*—The appeal is dismissed with costs.
v.
CALDWELL.         *W. H. Mallory,* for the appellants.

---

ROBERTSON and Another *v.* CALDWELL, Administrator.

The general assignment of errors is bad under the statute.

Where the weight of evidence is with the finding, the refusal of a new trial will be sustained.

In a suit for the recovery of personal property, one of the defendants set up title in himself, the other disclaimed title and possession, and issue was taken upon their answers. Finding as follows: "That the possession of the property mentioned in the complaint be given to the plaintiff." *Held*, that this was equivalent to a finding of property in the plaintiff, and that he is entitled to possession.

An appellant cannot complain of an error which operated in his favor.

*Monday,*      APPEAL from the *Vanderburgh* Court of Common
*November* 30.  Pleas.

STUART, J.—Suit by *Caldwell,* administrator of *Calloway,* deceased, for the recovery of personal property belonging, as is alleged, to the estate.

The defendants answered separately—*Robertson* claiming title in himself, and *Nancy Calloway,* his co-defendant, disclaiming title and possession, &c. Issue on these answers. Trial by the Court; finding and judgment for the administrator.

It appears that the property in controversy, consisting of several head of cattle, had belonged to *Harvey Calloway,* deceased. During his last sickness, *Nancy Calloway* sold to her co-defendant, *Robertson,* who was her son by a former marriage, the cattle in dispute, without the consent, and indeed against the express wishes of the deceased. Upon the evidence, which is all in the record, the Court found, as above stated, for the administrator, plaintiff below.

Several errors are assigned.

1. The first is a general assignment, and has been repeatedly held insufficient under the statute.

2. The Court erred in overruling the motion for a new trial.

There is some conflict of evidence; but we think the weight of evidence is with the finding of the Court, and in such cases the judgment below is to be sustained.

It is urged that the finding of the Court is insufficient, because not a determination upon the issues formed by the pleadings. The issues formed are stated above. The finding of the Court is in these words, viz.: "That the possession of the property mentioned in the complaint, be given to the plaintiff," ( *Caldwell*). This is not as comprehensive as it might have been. But it is equivalent to finding the property in the plaintiff, and that he is entitled to the possession. Perhaps a formal finding was unnecessary. The proper judgment for the delivery of the property follows in strict accordance with the statute. Thus, in an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or in case it cannot be had, for the value, &c., 2 R. S. p. 122.

At best, it was but a mere formal error, amendable in the Court below, and which will be regarded as amended here. And the statute gives this Court a wide latitude in overlooking mere informal matters, not going to the substantial merits. 2 R. S. p. 162, s. 580.

It seems that Mrs. *Nancy Calloway*, one of the defendants, and widow of the intestate, and Mrs. *Robertson*, the wife of the other defendant, were admitted as witnesses for the defense below. This could not be done consistently with the statute providing that husband and wife are incompetent as witnesses for or against each other; nor can they disclose any communication made while the marriage exists, nor afterwards. 2 R. S. p. 82, s. 240. But as the error, if any, was in favor of the appellants, they had no ground of complaint; and there are no cross errors assigned.

Nov. Term,
1857.

*J. Lockhart, W. F. Parrott* and *C. Denby,* for the appellant.

*A. L. Robinson,* for the appellee.

