May Term,
1860.

HARRIS
v.
RUPEL.

HARRIS *v.* RUPEL.

No affidavit is necessary to the proper determination of a motion for a new trial based upon excessive damages, insufficiency of evidence, and verdict contrary to law.

In suits for seduction, verdicts are seldom disturbed on the ground of excessive damages.

Where the evidence tends to support the verdict, it will seldom be disturbed on the ground of insufficiency of evidence.

Time will not be given to enable a party to prepare affidavits to support his reasons for a new trial, unless in addition to a good excuse for their non-production, it be made to appear of record that it is in the power of the party to procure sufficient affidavits.

Where a motion for a new trial had been overruled for the want of affidavits sustaining the reasons upon which it was based, and a second motion was made and the necessary affidavits presented, the latter motion was held to have been properly overruled, because no excuse was shown for the non-production of the affidavits upon the first motion.

Where one of the reasons upon which a motion for a new trial was based, was newly discovered evidence, the nature of which was set out in proper affidavits, and counter-affidavits were filed, directly contradictory of those affidavits, it was held that a question was presented for the Court, the decision of which the Supreme Court could not disturb.

In a suit for the seduction of the plaintiff's wife, her statements are not competent evidence for the defendant.

The affidavit of a physician disclosing communications made to him, as such, by the wife, to the effect that she had had an abortion, from having had illicit intercourse with a certain person during the absence of her husband, will not sustain a motion for a new trial, based upon the discovery of such evidence, unless it be also shown that the wife would consent to such disclosure upon the trial.

Affidavits evidently false, or contradictory, upon their face, of the evidence upon the former trial, will not sustain a motion for a new trial upon this ground.

Nor will the affidavit of the defendant that he can prove by *A. B.* and by *D.*—christian name not known—that they had had sexual intercourse with the wife, of which the plaintiff was cognizant, sustain a motion for a new trial on account of the discovery of such evidence, unless it be shown by the affidavit of the proposed witnesses that they would so testify.

APPEAL from the *St. Joseph* Circuit Court.

*Thursday, May 31.*

HANNA, J—This was a suit by *Rupel* against *Harris*, for the seduction of his wife. Denial. Trial by Jury. Verdict and judgment for plaintiff for 5,000 dollars.

After the return of the verdict, and before judgment, a

VOL. XIV.—14

motion was made for a new trial, in which the reasons assigned were—

1. Excessive damages.
2. Misconduct, &c., of the plaintiff.
3. That the evidence was insufficient.
4. That it was contrary to law.
5. Newly discovered evidence.
6. Surprise.

Upon the return of the verdict, namely, at two o'clock in the afternoon of *October* 21, notice was given of the motion for a new trial. On the next day, the reasons were filed, and a motion made that further time be granted to prepare and file affidavits in support of the motion, which was based upon the statements of counsel that, because of other engagements, they had not been enabled to prepare said affidavits.

The motion to postpone was overruled, and the ruling excepted to, as was also the motion for a new trial. No affidavits appear in the record, supporting the motion for a new trial. After judgment, to-wit, on the 28th day of *October*, the defendant renewed his motion for a new trial, for the same causes assigned on the first motion, and also for additional reasons, namely, for evidence discovered since that motion was determined. Which was also overruled.

The evidence is in the record. No affidavit was necessary to the proper determination of the motion for a new trial, as based upon the first, third and fourth reasons. We can, therefore, examine them.

As to the first: Verdicts, in cases of this character, are seldom disturbed because of the amount found for the plaintiff. That amount depends so much upon the facts and circumstances of each individual case, and the sound legal discretion of the jury, that no very definite rule can be laid down in regard thereto. In the case at bar, the plaintiff had been absent for six years in *California*, leaving his wife and three children in rather indigent circumstances, but under an arrangement to be provided for by her father, who died during the absence of plaintiff; that plaintiff sent back some money; that his wife removed for

some time from his small farm, into a house of the defendant; that they appeared to live agreeably before he left; that her character had not, so far as shown, been before that time questioned.    Much evidence was introduced tending to show improper intimacy between the defendant and the wife of the plaintiff, in his absence; that soon after his return, defendant and she went to *Michigan*, where he left her; that her husband went after and brought her back; that she did not remain with him, but went to live in a house of said defendant.    Under all these circumstances, the amount which the jury should award as damages, was a question so peculiarly within their province, that we cannot disturb the verdict for that reason.

The third cause assigned, for the same reason, cannot prevail.    The evidence tends—perhaps it might be said, strongly tends—to sustain the finding upon the question involved, of the guilt of the parties.

As to the fourth reason, no question is made in argument to which it is applicable.

The second, fifth, and sixth reasons, assigned upon the first motion, remain to be disposed of.    All those reasons are so assigned as to require to be supported.    As before stated, no affidavits were filed.    The ruling of the Court upon the motion for a new trial based thereon, was right. The only question in this connection is, whether the Court erred in refusing the postponement, to prepare such affidavits.    The verdict was returned at two o'clock; notice of the motion then given; the motion made, and reasons filed the next morning, and postponement asked; upon which the statement in the bill of exceptions is, that the defendant "moved the Court for further time to prepare and file affidavits in support thereof, and defendant's counsel stated to the Court that they had been unable, on account of want of time, and by reason of their being engaged on the day previous thereto, to prepare said affidavits."    There was really nothing before the Court, in any tangible form, from which the Court was able to determine, or be informed, that it was in the power of the defendant to procure the necessary affidavits to sustain the reasons assigned

for a new trial; nor was there anything, except the mere statement of the counsel, excusing their non-production at the time the motion was determined. Something should have been presented to the Court, to go upon the record, in such substantial form as to have justified the Court in acting. The affidavit of the plaintiff upon the one point, and of the counsel upon the other, would have presented one mode of putting the matter upon the record. It is not within the ordinary usages of practice to entertain a second motion for a new trial, after overruling the first. Indeed we do not see very well where litigation would end, if repeated motions should be thus heard, based upon the same reasons of the first. Then, as to the same reasons assigned in each motion, we think it was, so far as this record shows, to say the least, an irregular mode of practice, and the reception of counter-affidavits, upon the same points, was equally so. As that whole proceeding, thus far (no extraordinary circumstancs being involved), appears to us as irregular, we will leave it where the Court below did. Upon this second motion, affidavits were produced, to the points which should have been, in that manner, sustained on the first motion; but no sufficient reason is shown for the non-production of the material part of them upon the first motion.

As to the question made upon the evidence discovered after the determination of the former motion for a new trial, three points are presented—first, that plaintiff procured, and improperly influenced, the testimony of his son *Charles*, a minor of the age of eleven years; second, that the plaintiff mistreated his wife; third, that she was a prostitute before the defendant became acquainted with her. Counter-affidavits were filed by the plaintiff. *Romaine* v. *The State*, 7 Ind. R. 63.—*The Newcastle, &c., Railroad Co.* v. *Chambers*, 6 *id.* 349.

As to the first point, affidavits of two persons were filed by the defendant, referring to a conversation had with the witness, *Charles*, after he had testified, in which they state he admitted he had sworn falsely, and in the manner his father desired him to do. The affidavits of the plaintiff

and the witness, directly contradictory of these two, were
filed. This presented a question for the Court which we
cannot disturb, even if, in any case, a new trial should be
granted for such cause. 6 Blackf. 496.—7 *id.* 186.—2 *id.*
435, 608.—4 Ind. R. 492, 540.—7 *id.* 63.—1 Gr. and W.
on New Trials, 496.

As to the second point, the motion is principally founded
on the affidavit of a physician, who testifies to the wife of
plaintiff having suffered an abortion, which, in conversa-
tion with him, she impliedly attributed to certain necessary
labor she performed, that should more properly have fallen
to the lot of the plaintiff, but which he neglected to per-
form. This affidavit is founded upon the statements of
the wife. Certainly, if a new trial had been granted, they
would not have been competent evidence upon that point,
in the case at bar. 7 Ind. R. 690.

Moreover, upon the former trial, evidence had been
given in reference to the treatment of the wife by the plain-
tiff, but not as to this particular; nevertheless, this would
have been so far merely cumulative evidence, as to have
precluded us from disturbing the ruling of the Court below,
if it had been otherwise admissible. 1 Gr. and W. on
New Trials, 486.—3 *id.* 1046.—5 Ind. R. 250.—6 *id.* 474.

The third point is based upon the affidavit of the de-
fendant, who only professes to make his statements from
information of the physician, who derived his information
whilst acting as such, and of two persons who heard the
plaintiff, after the trial, make use of language which
asserted the former prostitution of his wife, and his knowl-
edge of it. The two last-named persons are the same who
detailed the conversation with the witness, *Charles Rupel.*
The Court received an affidavit of the plaintiff, posi-
tively denying the conversation which they impute to
him.

The physician, in his affidavit, discloses communications
made to him by the wife of the plaintiff, when called to visit
her during his absence in *California.* There is nothing
showing that she consented to such disclosure, or would,
on the trial, consent thereto. That disclosure was, that

she had had an abortion, and "laid the trouble to a young man by the name of *Polk*." The statute is, that no physician shall be allowed, in giving testimony, to disclose, &c., unless with the consent of the party, &c. 2 R. S. p. 82. We cannot see anything in this record to exclude the testimony of this physician from the operation of the statute. If the wife of the plaintiff should refuse to give her consent to this physician disclosing matters by her communicated to him, the material part of his testimony, even if otherwise admissible, would be excluded by this positive provision, although neither its operation, nor his own sense of .professional propriety, prevented him from filing this voluntary affidavit.

As to the statements of the two witnesses who professed to have heard the charges of the plaintiff against his wife's chastity, they show upon their face that they were false, or he was sunk to the level of a beast. The other evidence in the case is not in consonance with the latter phase of this proposition. If he had been cognizant of his wife's alleged baseness, before he left for *California*, it is not very probable that he would have remitted her money, or treated her as he did upon his return. The whole evidence upon the trial, in connection with the probable effect the matters stated in those affidavits would have upon another trial, was before the Court, upon the motion, and we do not think the determination should be disturbed upon that point. 4 Ind. R. 637.—6 *id.* 474.

The affidavit of the defendant states that he believes he can prove by *Polk*, and by one *Dunlap*, or *Dunlop*, whose christian name and place of residence is unknown, that they had sexual intercourse with the wife of the plaintiff— the latter before plaintiff went to *California*, and of which he was cognizant. The affidavits of these witnesses are not filed, and as an excuse for not filing them, defendant shows that he is not informed of their place of residence; and it is evident, from the tenor of his affidavit, that he had never conversed with them upon the subject—did not know the name, certainly of one of them—nor could not know whether they would be willing to testify, if present.

It is not to be presumed, either by the affiant or the Court, that a man would voluntarily stultify himself. The ruling of the Court was, therefore, right as to that point. 6 Blackf. 439.

At the commencement of the suit, such proceedings were instituted as resulted in the attachment of the property of the defendant. The record is imperfect in refer-ence to such proceeding. So far as shown, it was irregular, and, therefore, the judgment ordering the sale of the specific property was improperly rendered.

*Per Curiam.*— The judgment, as rendered upon the verdict of the jury, is affirmed. That part of the final order of the Court, directing the sale of the property attached, is reversed, at the cost of the appellee.

*J. F. Miller* and *W. G. George*, for the appellant.

*J. E. McDonald*, *A. L. Roache* and *C. L. Dunham*, for the appellee.