EHRMAN v. KRAMER.

PARTNERSHIP.—*Evidence.*—Where the issue was, whether a partnership in a contract for street improvement existed between the plaintiff and defendant, as averred by the defendant, or the plaintiff was simply a surety

for the defendant upon such contract, and, as such, advanced the money sued for, to enable the defendant to comply with his contract, the court refused to permit the defendant to introduce in evidence a receipt for money paid on account of the work under said contract, part of which was paid by the plaintiff and part by the defendant, at the grocery of the plaintiff, on the day the receipt was dated—the plaintiff, defendant and person to whom the money was paid being present—which receipt was drawn up at the same time by the defendant in the name of both parties, and signed by the person receiving the money, in his own handwriting, in the presence of the plaintiff and defendant.

*Held*, that the receipt was properly excluded.

PRACTICE.—*Assignment of Error.*—A motion for a new trial, on the ground that "the verdict is not sustained by the evidence," does not present the question stated in an assignment of error, "that the judgment is for a larger amount than was proved by the evidence of the appellee."

EVIDENCE.— *Weight of* —The weight to be given to the evidence of witnesses cannot be determined from the record.

APPEAL from the Vanderburgh Circuit Court.

RAY, C. J.—Kramer sued Ehrman upon an account for goods sold, and for money paid; demand, $2,500. This suit was commenced in April, 1866.

The defendant, Ehrman, answered in three paragraphs. 1. To the effect that in October, 1860, one Tibbitts entered into two separate contracts with the city of Evansville, one for $3,182.50, the other for $2,344, to grade, pave and macadamize Main street, in said city, from a certain alley to Eighth street, and that, to secure the performance of said contract, he made two different bonds to the city, with Kramer and Ehrman as his sureties; that said contracts were afterwards assigned to said Ehrman, with the knowledge and consent of Kramer, and also of the city, who accepted and ratified the assignment on the 16th day of November, 1860; that soon after the said contract was made and the work begun by Tibbitts, Kramer and Ehrman, learning that Tibbitts had neither the capital nor the energy to carry on the work, to save themselves from loss, agreed that Ehrman should become nominal contractor for said work, and Kramer surety, and that they together would finish the same with their joint labor and means, and share

profit and loss equally; that this arrangement was consummated, and bonds to the city were executed in due form, recognizing Ehrman as contractor and Kramer as his surety, Tibbitts having been discharged; that the first contract was nearly completed, and a little work done on the second contract, under this arrangement, and that on the 10th day of April, 1861, the work was, by consent of all parties, assigned to John Haffey, Kramer going security to the city on Haffey's bond; that in pursuance of that agreement between plaintiff and defendant, Ehrman undertook the personal oversight of the work, and that each advanced divers sums of money and other things necessary to carry on the work, and they each received a part of the proceeds of said work; that Kramer received more than his share of money, and that he expended less than his share on the work; that Ehrman expended more than his share and received less than was his due; that besides money, labor, tools, teams, &c., expended on the work, Ehrman spent his time in superintending the same during the winter and until the time of the assignment to Haffey; that the whole of Kramer's demand is composed of the advances made by him as such partner in performing said contracts; that the work having been taken at prices entirely too low, they, Kramer and Ehrman, suffered great loss; that Ehrman advanced, for the joint benefit of said parties, the sum of $5,235.81, being largely more than his equal share upon said contracts and work; he admits that Kramer furnished a part of the means for the same, and offers to account with Kramer and to set off his claim against Kramer's, and demands judgment for the excess which may be found due him, viz., for $3,000.

2. General denial.

3. A general plea of payment.

The plaintiff filed a reply in denial of the allegations of the answer. A trial resulted in a finding for the appellee of twelve hundred dollars.

Motion for a new trial, assigning three reasons. 1. That

the verdict is not sustained by the evidence.  2. It is contrary to law.  3. The refusal of the judge to admit evidence offered by the defendant.  Motion overruled, and judgment rendered on the verdict, and exception by the defendant.

There are two bills of exceptions in this record, designated by the clerk No. 1 and No. 2.  The first contains an exception to the decision of the judge on the trial, in ruling out a receipt offered in evidence by the defendant.  The question raised by appellant upon that ruling will be best shown by copying a portion of the bill of exceptions, as follows :—

"The plaintiff, having been sworn as a witness, swore to the payment of eighty dollars to one John Haffey, on account of the work specified in the pleadings, and the defendant being afterwards sworn as a witness, on being interrogated in reference to the payment of said sum of eighty dollars by the plaintiff, testified that the plaintiff had so paid the sum of eighty dollars, and that he, the defendant, at the same time, paid the said Haffey the sum of one hundred dollars on the same account.  The defendant, at the same time, produced a receipt in writing, of which the following is a copy:

"'$180.00.        EVANSVILLE, January 12th, 1861.

"'Received of E. J. Ehrman and Philip Kramer one hundred and eighty dollars, on account for rock.

"'JOHN HAFFEY.'

"And the defendant then further testified that the said payment was made at the grocery of the plaintiff, in Evansville, on the day the receipt is dated; that at the time of the said payment, the three—plaintiff, defendant and Haffey—were all present, and that at the same time defendant drew up the receipt and the said Haffey signed it, in presence of the plaintiff and defendant, and that the signature was in the handwriting of said Haffey.  The defendant, by counsel, then offered the receipt in evidence in behalf of the defendant, and proposed to read the same to the jury,

to which the plaintiff, by counsel, objected, and the court sustained the objection and refused to permit defendant to read the same, to which opinion of the court the defendant excepted at the time," &c.

Appellant assigns for error:—1. That the judgment is for a larger amount than was proved by the evidence of appellee. 2. The ruling out the receipt offered in evidence by appellant. 3. The refusal by the Circuit Court to grant appellant a new trial. 4. That the verdict is not sustained by the evidence.

It will be observed that the motion for a new trial does not present the question which the appellant has stated in his first assignment of error. *Spurrier* v. *Briggs*, 17 Ind. 529.

The issue between the parties was, whether a partnership existed between them, or whether Kramer was simply a surety, and, as such, advancing money to enable Ehrman to comply with his contract. The receipt offered in evidence could not, in any way, aid the jury to determine this issue. But the evidence offered does not show that Kramer had any knowledge of the contents of the receipt. It was not taken by him, nor does it appear that it was ever in his possession. His presence in the room certainly does not charge him with knowledge of the contents of the receipt.

We cannot disturb the finding on the ground that the verdict is not sustained by the evidence. We have no hesitation in saying that, as the evidence appears in the record, the weight is in favor of the appellant, and if the witnesses had seemed of equal credit, there should have been no reluctance in granting a new trial. But we cannot, from the record, determine the weight to be given to the evidence of the witnesses. That responsibility rests with the judge who tries the case, and it is his duty to exercise far more freedom in regard to the verdict of the jury than we can do, looking only to the written testimony.

The judgment is affirmed, with costs.

*Ehrman v. Kramer.*

ON PETITION FOR A REHEARING.

GREGORY, J.—There has been an earnest petition for re-hearing filed in this case that seems to require more than a silent notice.

The question is fully stated in the opinion pronounced by Judge RAY. The only complaint that can be made, with any degree of plausibility, is to the conclusions drawn from the facts, which are fairly stated. The receipt was offered in evidence against Kramer. The question in dispute was, whether Kramer advanced money as the surety of Ehrman, or as partner. Eighty dollars included in the receipt was paid by Kramer, and one hundred dollars, the residue, was paid by Ehrman. The fact that a joint receipt was taken for the aggregate of the two sums would, of itself, be a cir-cumstance tending very slightly to prove the fact in dis-pute, even had the receipt been taken by Kramer himself. But it could only be admitted against him on the ground that it was an act of his, or to which he was privy, amount-ing to a verbal admission by him. Was it such an act? The receipt was written by Ehrman. The mere presence of Kramer is the only thing to connect him in any way with it. It was taken and kept by Ehrman, and by him produced on the trial. If evidence at all, it was evidence manufactured by himself. To make Kramer privy to the form of the receipt—and that is the only thing that had any bearing—it seems to us that something more than his pres-ence was necessary. There must have been proof of some circumstance tending to show actual knowledge of its con-tents. In the language of Mr. STARKIE, "in general, it would be contrary to the first and most obvious principles of justice, that any one should be bound by the acts, or con-cluded by the declarations or assertions of others to which he was nowise privy." 1 Starkie on Ev. 51.

The petition for rehearing is overruled.

*A. L. Robinson* and *C. Denby*, for appellant.

*A. Iglehart* and *J. J. Chandler*, for appellee.