## RICHARDSON *v.* REED and Another.

DEMURRER.—*Exception.*—Where a demurrer to a complaint is overruled, but no exception to the ruling is entered in the court below, and such ruling is not assigned in the Supreme Court as error, no question as to the sufficiency of the complaint can properly arise in the record.

EVIDENCE.—A judgment will not be reversed upon the weight of evidence, where there is a conflict and there is evidence which, if believed, will support the verdict.

EXCESSIVE DAMAGES.—A judgment will not be disturbed on the ground that the damages are excessive, if there is a conflict in the evidence, and there may be an honest difference of opinion as to the propriety of the finding, where the finding is within the range of the evidence, and where it does not appear that substantial injustice has been done.

APPEAL from the Clay Circuit Court.

BUSKIRK, J.—The appellees sued the appellant for an alleged fraud in the exchange of certain real estate.

The complaint was in two paragraphs. The first charged, in substance, that Mahala Reed, the wife of her co-plaintiff, Charles W. Reed, was the owner, in her own right, of certain lots in Brazil, in the county of Clay, and State of Indiana, and of forty acres of land adjoining thereto; that the appellant was the owner of certain lots in the town of York, in the county of Clark, and State of Illinois, and of forty acres of land adjoining thereto; that the said Mahala exchanged her said lots and land in Clay county, Indiana, to and with the appellant, for his lots and land in Clark county, Illinois; that at the time of such exchange, the plaintiffs were ignorant of the location, boundaries, and quality of the Illinois land, except as it was pointed out to them by the appellant; that the appellant pointed out to them, as the land that he proposed to exchange, a high and dry tract, which was of the value of thirty-five dollars per acre; that after the trade had been made, and the deeds had been executed, it was ascertained that the said appellant had conveyed to them forty acres of overflowed land, which was only worth two or three dollars per acre; that the appellant owned the land that he pointed out and described to the plaintiffs, but conveyed a different tract of land; that the plaintiffs accepted of the deed, under the belief that the land therein described and conveyed was the same and identical land that had been pointed out to them; that in making the said exchange, the plaintiffs placed implicit reliance upon the representations of the appellant, and acted upon them as true, they at the time

having no personal knowledge as to the boundaries and description of the land; and that they had formed a judgment as to the quality and value of the land pointed out to them, but had formed none as to the tract of land conveyed to them.

The second paragraph was the same as the first, except that it was charged that the representations of the appellant as to the boundaries, description, quality, and value of the land in Illinois, were falsely and fraudulently made.

A demurrer was filed to each paragraph of the complaint, and was overruled, but there was no exception taken, nor is such ruling assigned for error here; consequently no question as to the sufficiency of the complaint can properly arise in the record.

The defendant answered by a general denial. The cause was tried by a jury, resulting in a verdict in favor of the plaintiffs in the sum of one thousand and ninety dollars. A motion was made for a new trial, and while it was pending, the plaintiffs remitted one hundred and thirty dollars of the verdict. Thereupon the court overruled the motion for a new trial, and rendered judgment for the sum of nine hundred and sixty dollars, to which ruling an exception was taken, and this is assigned for error.

It is maintained, in argument, that the court erred in overruling the motion for a new trial, for the reasons, that the verdict was not sustained by sufficient evidence, and that the damages assessed were excessive.

The evidence is in the record, and we have examined it with care. The evidence offered by the plaintiffs was sufficient to justify and support the verdict, if the jury believed it to be true. The evidence offered by the defendant was in plain and direct conflict with that of the plaintiffs. It was the duty of the jury to reconcile, if possible, this conflict, so that all the evidence might stand and be considered together, but if the conflict was irreconcilable, then the jury was required to determine which witnesses they would believe, and which they would disbelieve. The jury was far more com-

Richardson *v.* Reed and Another.

petent to determine such a question than is this court. The jury had the opportunity of observing the appearance, manner, and conduct of the witnesses upon the witness stand, which was a great assistance to them in determining the weight that ought to have been given to their evidence. Under the long and well settled practice of this court, we cannot reverse a judgment upon the weight of evidence, where there is a conflict, and there is evidence which, if believed, would support the verdict. *Sherman* v. *Cameron,* 14 Ind. 418; *O'Herrin* v. *The State,* 14 Ind. 420; *Harris* v. *Rupel,* 14 Ind. 209; *Gibson* v. *The State,* 9 Ind. 264; *Robertson* v. *Caldwell,* 9 Ind. 514; *Roberts* v. *Nodwift,* 8 Ind. 339; *Cahill* v. *Vanlaningham,* 7 Ind. 540; *Millhollin* v. *Jones,* 7 Ind. 715; *Calkins* v. *Evans,* 5 Ind. 441; *Rogers* v. *Bishop,* 5 Blackf. 108; *Lambert* v. *Sandford,* 2 Blackf. 137; *Hoagland* v. *Moore,* 2 Blackf. 167; *Lurton* v. *Carson,* 2 Blackf. 464; *Nagle* v. *Hornberger,* 6 Ind. 69.

A reversal of this case is also asked for the reason that the damages are excessive. The appellant claims that the damages should not have been more than six hundred and forty-five dollars. If the jury believed, from the evidence, that the land which was pointed out and described by the appellant was represented to be, and was, worth thirty-five dollars per acre, and that thirty-one acres of the land conveyed was only worth five dollars per acre, and the balance was worth thirty-five dollars per acre, then the verdict, as reduced by the remittitur, was correct. There was a conflict in the evidence as to the value of the land pointed out, and that conveyed. The jury were the sole judges of the credit to be given the witnesses. The verdict is within the range of the evidence, and this court cannot interfere with the verdict. There may be an honest difference of opinion as to the propriety of the verdict, and it does not appear that substantial injustice has been done. *Lurton* v. *Carson,* 2 Blackf. 464; *Wolcott* v. *Yeager,* 11 Ind. 84; *Ehrman* v. *Kramer,* 30 Ind. 26; *The Indianapolis, Cincinnati, and Lafayette R. R. Co.* v. *Trisler,* 30 Ind. 243.

The judgment is affirmed, with costs.

*W. W. Carter*, *S. D. Coffey*, and *A.T. Rose*, for appellant.

*D. E. Williamson*, *A. Daggy*, *G. W. Wiltse*, and *B. Wiltse*, for appellees.