## Case No. 14,993.

### UNITED STATES v. DREW.

#### [5 Mason, 28.] [1]

Circuit Court, D. Massachusetts. May Term, 1828.

INSANITY—DEFENCE TO MURDER—DELIRIUM PRODUCED BY DRINK.

Where a person is insane at the time he commits a murder, he is not punishable as a murderer, although such insanity be remotely occasioned by undue indulgence in spirituous liquors. But it is otherwise, if he be at the time intoxicated, and his insanity be directly caused by the immediate influence of such liquors.

[Cited in Hopt v. People, 104 U. S. 633.]

[Cited in Boswell v. Com., 20 Grat. 871; Cline v. State, 43 Ohio, 335, 1 N. E. 24; Evers v. State (Tex. Cr. App.) 20 S. W. 748; Fisher v. State, 64 Ind. 440; Hutchins v. Ford, 82 Me. 372, 19 Atl. 834; O'Grady v. State, 36 Neb. 322, 54 N. W. 556; O'Herrin v. State, 14 Ind. 422; Peck v. Cary, 27 N. Y. 24; People v. Garbutt, 17 Mich. 19; People v. Rogers, 18 N. Y. 17. Cited in dissenting opinion in Spencer v. State, 69 Md. 46, 13 Atl. 816; State v. Robinson, 20 W. Va. 734.]

Indictment [against Alexander Drew] for the murder of Charles L. Clark on the high seas on board of the American ship John Jay, of which Drew was master, and Clark was second mate. Plea, general issue.

At the trial the principal facts were not contested. But the defence set up was the insanity of the prisoner at the time of committing the homicide. It appeared, that for a considerable time before the fatal act, Drew had been in the habit of indulging himself in very gross and almost continual drunkenness; that about five days before it took place, he ordered all the liquor on board to be thrown overboard, which was accordingly done. He soon afterwards began to betray great restlessness, uneasiness, fretfulness and irritability; expressed his

fear that the crew intended to murder him; and complained of persons, who were unseen, talking to him, and urging him to kill Clark; and his dread of so doing. He could not sleep, but was in almost constant motion during the day and night. The night before the act, he was more restless than usual, seemed to be in great fear, and said, that whenever he laid down there were persons threatening to kill him, if he did not kill the mate, &c. &c. In short, he exhibited all the marked symptoms of the disease brought on by intemperance, called delirium tremens.

Upon the closing of the evidence, the court asked Blake, the district attorney, if he expected to change the posture of the case. He admitted, that unless upon the facts, the court were of opinion, that this insanity, brought on by the antecedent drunkenness, constituted no defence for the act, he could not expect success in the prosecution. See 1 Hale, P. C. 29, 36; 1 Russ. P. C. 11; 19 State Tr. 946; 3 Paris & Troutt. 140; Haslam, Ins. 50; Coates, 34; Arms. 372; Coop. Med. Jur. 10; Arn. Insan. 67.

D. Davis and Mr. Bassett, for prisoner.

STORY, Circuit Justice. We are of opinion, that the indictment upon these admitted facts cannot be maintained. The prisoner was unquestionably insane at the time of committing the offence. And the question made at the bar is, whether insanity, whose remote cause is habitual drunkenness, is, or is not, an excuse in a court of law for a homicide committed by the party, while so insane, but not at the time intoxicated or under the influence of liquor. We are clearly of opinion, that insanity is a competent excuse in such a case. In general, insanity is an excuse for the commission of every crime, because the party has not the possession of that reason, which includes responsibility. An exception is, when the crime is committed by a party while in a fit of intoxication, the law not permitting a man to avail himself of the excuse of his own gross vice and misconduct, to shelter himself from the legal consequences of such crime. But the crime must take place and be the immediate result of the fit of intoxication, and while it lasts; and not, as in this case, a remote consequence, superinduced by the antecedent exhaustion of the party, arising from gross and habitual drunkenness. However criminal in a moral point of view such an indulgence is, and however justly a party may be responsible for his acts arising from it to Almighty God, human tribunals are generally restricted from punishing them, since they are not the acts of a reasonable being. Had the crime been committed while Drew was in a fit of intoxication, he would have been liable to be convicted of murder. As he was not then intoxicated, but merely insane from an absti-

nence from liquor, he cannot be pronounced guilty of the offence. The law looks to the immediate, and not to the remote cause; to the actual state of the party, and not to the causes, which remotely produced it. Many species of insanity arise remotely from what in a moral view is a criminal neglect or fault of the party, as from religious melancholy, undue exposure, extravagant pride, ambition, &c. Yet such insanity has always been deemed a sufficient excuse for any crime done under its influence.

Verdict, "Not guilty."