## O'HERRIN *v.* THE STATE.

In crimes other than certain grades of homicide, voluntary drunkenness is no excuse for the criminal act committed while the intoxication lasts, and being its immediate result, such drunkenness being in itself a wrongful act.

Though there be no actual criminal intent, in such case, the law may hold the party, by construction, guilty of such intent.

This Court will not reverse the ruling of the Court below, refusing to grant a new trial moved for on the ground that the verdict is not sustained by the evidence, unless the verdict appears most clearly erroneous.

Verdict as follows: "We, the jury, find the defendant guilty as charged in the indictment, and that he be *sentenced to the state prison* for a term of two years. *Held,* substantially good.

APPEAL from the *Wabash* Circuit Court.

PERKINS, J.—Indictment for larceny. Conviction, and sentence to the state prison.

Evidence was given upon the trial, tending to show that the appellant was intoxicated when he committed the alleged larceny. His counsel contend that intoxication would, in all otherwise criminal acts, rebut the presumption of criminal intent, and should work the acquittal of the defendant.

But in crimes, other than certain grades of homicide, "it is a settled principle that [voluntary] drunkenness is not an excuse for a criminal act committed while the intoxication lasts, and being its immediate result. 3 Greenl. Ev., § 148. But see 3 Shars. Blacks., p. 26, note. Such drunkenness is, in itself, a wrongful act, for the immediate consequences of which the law will hold the party liable. And although there may be no actual criminal intent, the law may hold the party, by construction, guilty of such intent (1). Lew. U. S. Crim. Law, 405.

The Court below instructed the jury correctly on this branch of the case.

It is proper to notice here a distinction on this subject, though it is not involved in the case at bar.

Where an act is performed by an insane, but not, at the time, an intoxicated, person, which, if committed by a sane person, would be a crime, such act of the insane person is not held to be a crime, though the insanity was remotely produced by previous habits of gross intemperance. 3 Greenl. Ev., § 6.

Again, it is urged that the evidence does not 'clearly sustain the verdict of guilty returned by the jury; and that the Supreme Court, this being a criminal case, should set the verdict aside for that reason. But, under the code, the rule of practice upon this point, as, indeed, upon most others, if not all, is the same in civil and criminal cases. *Nutter* v. *The State*, 9 Ind. R. 178.—*Gibson* v. *The State*, *id.* 264, on p. 267. See *Mullinix* v. *The State*, 10 *id.* 5. And that rule is the opposite of the one laid down by counsel. This Court will not reverse the ruling of the Court below, refusing to grant a new trial moved for on the ground that the verdict was unsustained by the evidence, unless the verdict appears most clearly erroneous. Ind. Dig., tit. New Trial.—*Roberts* v. *Nodwift*, 8 Ind. R. 339.

The verdict of the jury was in this form:

" We, the jury, find the defendant guilty as charged in the indictment, and that he be sentenced to the state prison for a term of two years; and that he be fined one dollar; and that he be disfranchised and rendered incapable of holding any office of trust or profit, for a term of two years."

It is contended that that part of the verdict which directs that the defendant be sentenced to the state prison for a term of two years, does not, with sufficient certainty, fix his punishment. That the language should have been that the defendant be imprisoned at hard labor in the state prison, &c. But the defendant was sentenced to the state prison, pursuant to the verdict, in the usual and legal

form, and the law determined how he was to be disposed of, on his arrival at the prison. We think the verdict was substantially good.

We see no error in the case, and the judgment in it must be affirmed with costs.

Per Curiam.—The judgment is affirmed with costs.

J. U. Pettit and C. Cowgill, for the appellant.

J. E. McDonald, Attorney General, and A. L. Roache, for the state.

(1) See The United States v. Drew, 5 Mason, 28; Conwell v. The State, id. 147; The State v. Bullock, 5 Ala. R. 413; The United States v. McGhee, 1 Curtis C. C. 1; Burnett v. The State, Mar. & Yerg. 133; The State v. John, 8 Ired. 340; Schaller v. The State, 14 Mo. R. 502; Rex v. Carroll, 7 C. and P. 145. Contra, Penn v. McFall, Add. R. 247; Rex v. Thomas, 7 C. and P. 817; Kessy v. The State, 14 Sm. and Marsh. 518; Rex v. Menkin, 7 C. and P. 297; 14 Ohio R. 555.