DAWSON v. THE STATE.

In a prosecution for larceny, proof of the voluntary intoxication of the accused, just before, and at the time of, the commission of the alleged offense, is not admissible in his behalf.

In cases, both civil and criminal, where malice is an ingredient of the charge,

it seems that simple intoxication may be given in evidence to rebut it; but this principle does not seem to be extended to the ingredient of intention.

May Term, 1861.

STURGIS v. FAY.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J. — Indictment against *Dawson* for larceny. Conviction, and sentence to the State prison. The defendant asked a continuance to obtain the evidence of a witness, "that on the night the horse was taken, and immediately before the act, which is the alleged larceny charged in the indictment, the defendant drank at a grocery a large quantity of intoxicating liquor; and that he was in such a state of drunkenness, and so besotted by liquor, as to be irrational."

Friday, June 14.

The continuance was refused. It was wrongly refused, if the fact proposed to be proved could have operated to acquit the defendant; otherwise, not. It presents a simple case of voluntary, drunkenness, just before, and at the time of, the commission of the alleged crime. We have found no precedent for the admission of such evidence, on the part of the defense, in a prosecution for larceny. The cases on this point are collected more completely in 1 Whart. Cr. L., 5th Ed., § 41, than any where else. See, also, *O'Herrin* v. *The State*, 14 Ind. 420. The reference in that case to Blackstone, should be to the fourth, instead of the third book. In cases, both civil and criminal, where malice is an ingredient of the charge, it seems that simple intoxication may be given in evidence to rebut it; but this principle does not seem to be extended to the ingredient of intention. Ind. Dig., p. 39.

*Per Curiam.*—The judgment is affirmed, with costs.

*James Gavin* and *Oscar B. Hord*, for the appellant.