M. H. Miller, Ex Parte.

41  213
33a 498

**Bail—Conflict of testimony.**—Where there is a conflict in the evidence as to the state of mind of the person charged with homicide at the time of the act, it cannot be said that the "proof is evident;" and in such case the defendant is entitled to bail.

Appeal from Red River. Examination below before the Hon. J. C. Easton.

W. B. Wright and C. S. West, for appellant.

Moore, Associate Justice.—The Constitution guaran-

ties to all prisoners the right to bail upon sufficient sureties, unless for capital offenses, when the proof is evident. The only question, therefore, which we are called upon to determine, or which it is even proper for us to consider in this case in its present attitude, is, Does it evidently appear from the testimony submitted to us that appellant is guilty of murder in the first degree? If not, although he may be guilty as charged in the indictment, we have no discretion, but must admit him to bail.

And as we are not authorized to analyze and weigh the testimony to ascertain and determine whether it preponderates in favor of or against appellant; nor can we speculate as to the conclusion to which the jury may come if the case was submitted to them on the evidence in the record before us; and since, whatever may be the conclusion which should be reached by those whose duty it may be to decide it, when appellant's guilt or innocence, (or, if guilty, the degree of his guilt,) comes to be finally determined,) a careful examination of the record does not authorize us, in view of the conflict in the evidence, as to the condition of appellant's mind at the time of the homicide, to say that the proof of his guilt of a capital offense is evident, we must hold that he is entitled to bail. (See Zembrod v. The State, 25 Tex., 519; Thompson v. The State, 25 Tex. Supp., 395; Gehrke v. The State, 13 Tex., 568; Carter v. The State, 12 Tex., 500; The United States v. Drew, 5 Mason, 28; United States v. McGlue, 1 Curtis, 1; Hale v. The State, 154; Commonwealth v. Rogers, 7 Met., 500; Smith v. Commonwealth, 1 Duval, 225; Kelly v. State, 3 Sm. & Mar., 518; Schaller v. State, 14 Mo., 502; State v. Turner, Wright's O. Rep., 30; Wh. Cr. Law, secs. 70, 74; Wh. on Hom., 369.)

There being nothing in the record to serve as a guide to the court in fixing the amount of bail, and the Attorney General and the counsel for appellant having agreed that it may be fixed at the sum of ten thousand dollars, it is

ordered and adjudged by the court that appellant be admitted to bail in said sum of ten thousand dollars, with good and sufficient sureties, and that the judgment of the court be certified to the sheriff of Red River county, in whose custody appellant is now detained, before whom a bail bond for that amount, conditioned as required by law, may be executed, which said bond, when duly executed, shall be filed by said sheriff in the District Court of said county.

BAIL GRANTED.