Okey, J.
Cline was tried in the court of common pleas of Athens county, at the February term, 1885, for maliciously shooting Kinkead, the indictment charging in the first count an intent to kill, and in the second count an intent to wound. The verdict was guilty upon the second count, and not guilty upon the first, and • the prisoner was sentenced to the penitentiary. This is a petition in error to reverse the judgment.
*333 The Revised Statutes define the crime and prescribe the punishment, and also provide that upon such an indictment there may be a conviction for an assault. Sections 6820, 6823, 7316. And see Barber v. The State, 39 Ohio St. 660 ; Mitchell v. The State, 42 Ohio St. 383.
1. On the trial it was material, and indeed essential to a conviction for felony, to show that the prisoner was actuated by malice in shooting Kinkead. Previous threats of the prisoner that he would kill Kinkead afforded not only competent, but potent evidence for such purpose. Evidence of such threats was offered; but, on the other hand, testimony was given tliat no such threats had been made. It was therefore for the jury to determine whether such threats had been made. The court, however, assumed the province of the jury by saying that “ the jury should also consider the threats made by the defendant.” This was as well pi’ejudicial as erroneous.
2. Evidence was offered showing that the prisoner was intoxicated at the time of the shooting. The court charged that “ if the jury should find that the defendant was intoxicated to such an extent as to deprive him of his reason, so as to render him incapable of reasoning or of exercising his reasoning faculties, the jury will find the defendant not guilty of intent to kill, as charged in the first count of the indictment. If the jury should find that the defendant was intoxicated to such an extent as to deprive him of his reason, and render him incapable of forming an intent, the jury may proceed further, and consider whether or not the defendant is guilty as charged in the second count.”
In order to find the prisoner guilty of the felony charged in the second count, it was necessary to prove that the prisoner shot Kinkead with the specific intent of wounding him (Barber v. The State, supra); and no reason can be given why evidence of intoxication might not be considered with reference to the felony charged ■ in the second count, if it could be considered with reference to the felony charged in the first count. In making such distinc *334 tion the court erred. The real question, therefore, is, whether in such a case it is competent to show that the defendant was, at the time of the shooting, intoxicated to such an extent that he could not form or have a purpose or intent to kill or wound.
Where a person having the desire to do to another an unlawful injury, drinks intoxicating liquors to nerve himself to the commission of the crime, intoxication is held, and properly, to aggravate the offense; hut at present the rule that intoxication aggravates crime is confined to cases of that class. The rule is well settled that intoxication is not a justification or an excuse for crime. To hold otherwise would be dangerous to, and subversive of, public welfare. But in many cases evidence of intoxication is admissible with a view to the question whether a crime has been committed, or where a crime, consisting of degrees, has beeu committed, such evidence may be important in determining the degree. Thus an intoxicated person may have a counterfeit bank-bill in his possession for a lawful 'purpose, and intending to pay a genuine bill to' another person, may, by reason of such intoxication, hand him the jcounterfeit bill. As intent, in such case, is of the essence of the offense, it is possible that in proving intoxication you go far to prove that no crime was committed. Pigman v. The State, 14 Ohio, 555. So, where the offense charged embraces deliberation, premeditation, some specific intent, or the like, evidence of intoxication may be important, and it has frequently been admitted, Ib.; Nichols v. The State, 8 Ohio St. 435; Davis v. The State, 25 Ohio St. 369 ; Lytle v. The State, 31 Ohio St. 196. The leading case of Pigman v. The State has been repeatedly cited with approval (People v. Robinson, 2 Park. 235; The People v. Harris, 29 Cal. 678; Roberts v. The People, 19 Mich. 401; The State v. Welch, 21 Minn. 22; Hopt v. The People, 104 U. S. 631; The State v. Johnson, 40 Conn. 136), and no doubt the law upon the subject is correctly stated in that case, and that the rule as there expressed - is humane and just; but there is always danger that undue weight will. *335 be attached to the fact of drunkenness, where it is shown in a criminal case, and courts and juries should see that it is only used for the purpose above stated, and not as a cloak or justification for crime. See also U. S. v. Drew, 5 Mason, 28; s. c.,1 Lead. Crim. Cas. (2 ed.), 131, note; Reg. v. Davis, 14 Cox C. C. 563; s. c., 28 Moak Eng. Rep. 657, note; Lawson on Insanity, 533-768, where all the cases are collected relating to the admissibility and effect, in criminal cases, of proof of intoxication. In saying, as the court virtually said, that proof of intoxication could not be considered with respect to the felony charged in the second count of the indictment, there was prejudicial error.
3. The court further charged: “ If the jury find from the evidence that the defendant was intoxicated, as herein-before set forth, and they should also find that the defendant shot Kinkead in such manner that if death had ensued it would have been manslaughter, they should find the defendant guilty.” The jury would understand from such a charge, and no doubt the judge desired to be understood as saying, that if death had resulted and the crime would have been manslaughter, the defendant might, death not resulting, be found guilty of the felony charged in one of these counts. But to convict of manslaughter it is not necessary to show either malice or an intent to kill or wound. It is sufficient to show an unlawful killing. To convict of the felony charged in this indictment, it is necessary to show malice and an intent to kill or wound. The charge was manifestly erroneous and plainly prejudicial.

Judgment reversed.