## EX PARTE NOAH ROARK.

No. 16102.   Delivered May 31, 1933.
Rehearing Withdrawn June 23, 1933.
Reported in 61 S. W. (2d) 833.

The opinion states the case.

*Currie McCutcheon* and *Frank G. Harmon,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an appeal from an order of the Criminal District Court of Dallas County, Texas, refusing to discharge the relator and refusing him bail on the hearing of his application for a writ of habeas corpus.

It appears from the record that relator was indicted for the murder of one Justin Stein.   Upon a trial under said indictment the jury failed to agree and a mistrial was ordered.   Appellant

then obtained a writ of habeas corpus upon an application for bail, which having been heard, the Judge of the Criminal District Court of Dallas County denied relator bail and remanded him to the custody of the sheriff of Dallas County until discharge or release by further orders. From this judgment relator has appealed to this court.

Upon the hearing of this application, the testimony introduced upon the trial of the case in which the mistrial resulted was introduced and made part of the statement of facts; also in addition to the proof upon the trial of the case, there was offered on the hearing of this application some additional testimony going to show insanity on the part of the relator. It also appears from the record that at the time of the hearing of the application for writ of habeas corpus there was also pending against the relator a complaint filed in the County Court of Dallas County charging him with lunacy, and such issue was then pending and undisposed of. It was also pleaded that it was necessary for said County Court of Dallas County, sitting as a lunacy court, or the trial court, sitting in an insanity charge, to determine whether or not the relator, Noah Roark, should be adjudged insane and sentenced to the state asylum. It is also made to appear from the record that, as a result of the trial for murder, the jury on the trial of the case finally stood 11 to 1 for the acquittal of the relator upon the ground of insanity.

Under the Texas Constitution, Bill of Rights, art. 1, sec. 11, the Constitution guarantees to all prisoners the right to bail upon sufficient surety unless for capital offenses when the proof is evident. As we understand one of the contentions of the relator, it is that, where the defense of insanity is raised and there is evidence to support said plea, it is a bailable case. In the case of Zembrod v. State, 25 Texas, 520, and also the case of Ex parte Miller, 41 Texas, 213, it was held that a plea of insanity is not a sufficient ground for admitting to bail unless evidence as to the insanity is such as to induce the belief that it is not a case in which the proof of guilt is evident or the presumption great. In the case of Ex parte England, 3 S. W., 714, it was held that, if there had been a trial before a petty juror which failed to agree, it would not per se establish the fact that the proof was not evident, and that therefore the accused was entitled to bail. The fact that the appellant has plead insanity, and that there has been a mistrial in said case, may be considered upon the issue as to whether the proof is evident, but are not to be held conclusive of said issue.

We deem it unnecessary to discuss the facts further than to say that the state's evidence showed an unprovoked killing. The appellant made no attempt to offer any excuse or justification for said killing, his only defense being insanity at the time of the killing. Aside from the testimony upon the issue of insanity, the proof shows that relator would not be entitled to bail.

There is another matter that should be considered in determining whether the relator should be allowed bail, and that is the question as to whether or not the relator was entitled to bail while the case of present insanity was before the County Court of Dallas county. The writer has been unable to find any authorities directly in point in this state determining the question in issue. Article 5550, Rev. Civ. Statutes, 1925, provides: When the charge of insanity is made against a person, "the cause shall be docketed on the probate docket of the court in the name of the State of Texas as plantiff, and of the person charged to be insane as defendant. The county attorney shall appear and represent the state on the hearing, and the defendant shall also be entitled to counsel; and in proper cases the county judge may appoint counsel for that purpose." Article 5551, Revised Civil Statutes, provides: That a jury be impaneled and sworn to try the issue. There is no provision made in said proceedings authorizing the giving of an appearance bond pending the disposition of said case, but by article 5558, Revised Civil Statutes, 1925, it is provided: "No warrant to convey a lunatic to the asylum shall issue if some relative or friend of the lunatic will undertake, before the county judge, his care and restraint and will execute a bond in the sum to be fixed by the county judge, payable to the State of Texas, with two or more good and sufficient sureties, to be approved by the county judge, conditioned that the party giving such bond will restrain and take proper care of the lunatic so long as his mental unsoundness continues or until he is delivered to the sheriff of the County or other persons to be proceeded with according to law, which bond shall be filed with and constitute part of the record of the proceedings, and may be sued and recovered upon by any party injured, in his own name."

Where a charge of insanity is made against a person, it will be presumed that the charge is made in good faith and that there are grounds to believe same to be true. There is no contention in this case that the relator has been denied a speedy trial or that one cannot be had upon the complaint of lunacy. It would be a most dangerous precedent to establish to admit a person to bail while the charge of present insanity is pending

against him. It would be to a great extent a wrong not only to relator, but a probable and impending danger to the safety of the community, and, until the issue as to his present insanity be tried and determined, we feel constrained to hold that the relator is not entitled to be admitted to bail. See People v. Watson, 35 N. Y. S., 852; also Ex parte Wilson, 149 S. W., 117.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, PRESIDING JUDGE.—Before us is the request of the appellant's attorney, Currie McCutcheon, that the motion for rehearing in the above proceeding, which motion was prepared and presented by the attorney mentioned, be withdrawn.

The request is granted, the motion for rehearing is dismissed, and the mandate upon the original hearing will be issued at once by the clerk of this court.

*Dismissed.*