### EX PARTE B. W. CRAWFORD.

No. 19893.   Delivered May 18, 1938.

The opinion states the case.

*Maury Hughes,* of Dallas, and *Howth, Adams & Hart,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is an appeal from an order of the district judge of Jefferson County refusing relator bail and remanding him to the custody of the sheriff.

A number of indictments are pending against relator in the criminal district court of Jefferson County, each charging embezzlement of property over the value of fifty dollars. On February 23, 1938, relator was adjudged insane by the county court of McLennan County and removed to the "Veterans' Hospital" for restraint and treatment. On the 20th of April, 1938, the judge of the criminal district court of Jefferson County issued a bench warrant commanding that relator be produced before said court for trial on the aforesaid indictments. This warrant having been executed, one of the cases was called for trial on May 2, 1938, at which time relator's wife filed an application for continuance based upon the absence of relator's sister, it being alleged that she would testify, in substance, that the relator had been insane for a number of years. Again, she would testify that she had visited relator in the Veterans' Hospital on several occasions; that he is now insane to the extent that he does not know right from wrong; that he has been incarcerated in a ward of the United States Veterans' Hospital set aside for violently insane persons. The application for continuance was sworn to by the wife of the relator. We quote:

"Before me, the undersigned authority, on this day personally appeared Mrs. B. W. Crawford, who, being duly sworn, upon her oath deposes and says: That the facts recited in the foregoing application for continuance are true and correct; that the defendant can not sign the application for continuance on account of being of unsound mind; and is insane to the extent that he does not know right from wrong; that she is the duly appointed guardian of the person and estate of said defendant, and makes this affidavit from her own knowledge, and in the capacity of amicus curiae, as well as guardian. ·

"(Signed) Mrs. B. W. Crawford

"Sworn to and subscribed before me this second day of May, 1938.                "Elsa Mittendoff.

"Notary Public in and for
Jefferson County, Texas."

In the lunacy trial in McLennan County the jury found that

relator had had one attack of insanity "lasting about nineteen years."

Upon the presentation of the application the trial was postponed until May 23, 1938.

We quote from Ex parte Roark, 61 S. W. (2d) 833:

"Where a charge of insanity is made against a person, it will be presumed that the charge is made in good faith and that there are grounds to believe same to be true. * * * It would be a most dangerous precedent to establish to admit a person to bail while the charge of present insanity is pending against him. It would be to a great extent a wrong, not only to relator, but a probable and impending danger to the safety of the community, and, until the issue as to his present insanity be tried and determined we feel constrained to hold that the relator is not entitled to be admitted to bail."

See, also, People v. Watson, 14 Misc. 430, 35 N. Y. S. 852.

The holding in Roark's case is applicable to the present situation. Hence we are constrained to sustain the action of the district judge in remanding relator to custody.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.