Lane et al. *v.* Brown.

*G. H. Voss*, for the appellee.

———————————

LANE *et al. v.* BROWN.

PRACTICE IN SUPREME COURT.—Where there is some evidence to sustain the verdict of a jury, although the preponderance may appear to be against it, this Court will not reverse the judgment rendered upon it.

PRACTICE—SURPRISE.—Mere surprise at the result of a trial can not entitle the party so surprised to a new trial.

APPEAL from the *Hamilton* Common Pleas.

WORDEN, J.—This was an action by *Brown*, the appellee, against the appellants. The plaintiff and defendants had been partners, and the action was brought to recover a balance claimed to be due the plaintiff on the partnership accounts.

The defendants pleaded, amongst other things, an accounting between the parties, and a final settlement of all the partnership accounts, a balance being found due from the plaintiff to the defendant. Replication in denial.

Trial by jury; verdict and judgment for the plaintiff. A motion for a new trial, founded on the affidavit of the defendants, was overruled, and exception taken.

The evidence is set out; and on the supposition that the affidavit contains matter sufficient to indicate to the Court.

below that the motion was made on the ground that the verdict was not sustained by the evidence, still, we could not, according to the settled practice of the Court, reverse the judgment on that ground, there being some evidence to sustain the verdict, though the preponderance may have been the other way.

On the trial, the accounts of the parties were not, to any considerable extent, gone into, the plaintiff recovering, as would seem, mostly on the ground of admissions and statements made by the defendants as to the amount of profits accruing in the partnership business, the defendants having kept the accounts, and the plaintiff being illiterate, and unable to read or comprehend them. The defendants relied mostly on the alleged settlement.

The affidavit, in support of the motion for a new trial, sets out a statement of the partnership accounts, showing a large balance due from the plaintiff to the defendants. It also affirms that the settlement was made in good faith; and, after alluding to the evidence offered by them in support of the alleged settlement, affirms that they, believing that ordinary prudence required them to rely on the settlement, were not prepared on the trial to show the particulars of the partnership transactions.

If there was any surprise in the case, it was in the result of the trial—a thing that does sometimes surprise those not much accustomed to trials by jury. But was there any such surprise as required the Court below to set aside the verdict and grant a new trial? An issue was made directly on the answer, alleging the settlement. The defendants had notice, by the record, that the plaintiff controverted the alleged settlement; and it is not pretended that the defendants were surprised at the plaintiff's evidence, or the want of evidence on their own behalf; the surprise, as before observed, was simply at the result.

Wells et al. *v.* The State ex rel. The Board, &c., of Lake Co.

Perhaps it was within the discretion of the Court to have granted a new trial on the affidavit, but we think it clear that no error was committed in overruling the motion.

*Per Curiam.*—The judgment below is affirmed, with costs.

*D. Moss*, for the appellants.

*G. H. Voss*, for the appellee.