No. 7191.

EDWARDS *v.* POWELL.

PRACTICE.—*New Trial.—Evidence.*—Error of the court in permitting the introduction of evidence is "error of law occurring at the trial," and when excepted to at the time constitutes cause for a new trial, in a motion therefor addressed to the trial court.

SAME.—*Assignment of Error.*—Matter constituting cause for a new trial can not be assigned as error for the first time in the Supreme Court, and, if so assigned, will present no question for decision.

GUARDIAN AND WARD.—*Sale of Real Estate.—Deed by Commissioner.— Evidence of Confirmation of Sale.*—A deed, made by a commissioner appointed by the court for that purpose, upon the sale of a ward's real estate, under a petition therefor by his guardian, is proof sufficient, in the absence of any evidence to the contrary, that such sale was reported to and approved by the court.

From the Montgomery Circuit Court.

*S. C. Willson* and *L. B. Willson*, for appellant.
*H. M. Billings*, for appellee.

HOWK, J.—This was a suit by the appellant against the appellee, to recover the possession of certain real estate, particularly described, in Montgomery county, and damages for

Edwards v. Powell.

being kept out of the possession. The appellant's complaint was in the ordinary statutory form in such cases; and the appellee answered by a general denial of the complaint. On the second trial of the cause by the court, a finding was made for the appellee, the defendant below; and the appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment against him for the appellee's costs.

Upon the record of this cause, the appellant has assigned errors, as follows:

1. The court erred in permitting the appellee to introduce in evidence the petition for the sale of real estate, of John Small, guardian of said Eli H. Edwards, filed in the court of common pleas of Montgomery county, the report of appraisers, the decree of sale, and the deeds of the commissioner appointed in pursuance of said decree; and,

2. The court erred in overruling appellant's motion for a new trial.

1. The matter stated in the first alleged error would have constituted a proper cause for a new trial, in the motion therefor addressed to the trial court. If it was error to permit the introduction of the evidence mentioned, it was an error of law occurring at the trial, and, if excepted to at the time, constituted the eighth statutory cause for a new trial. It was not assigned by the appellant, as a cause for a new trial, in his motion therefor; and it can not be assigned for the first time, in this court, as an independent error. It is settled by the decisions of this court, that matter constituting a proper cause for a trial, in a motion therefor in the trial court, can not be assigned in this court as error; and, if so assigned, it will present no question for the decision of this court. Buskirk's Practice, 126, and cases cited; *Freeze* v. *DePuy*, 57 Ind. 188; *Wiley* v. *Barclay*, 58 Ind. 577; and *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56. The appellant's counsel have devoted the greater portion of their

Edwards *v.* Powell.

elaborate brief of this cause to the discussion of the matters complained of in the first supposed error ; but the questions are not properly before this court, and we do not consider them.

2. In his motion for a new trial, the appellant assigned, as causes therefor, that the finding of the court was contrary to law, and that it was not sustained by sufficient evidence. The appellant's counsel claim, that the evidence was not sufficient to sustain the finding of the court, because it did not show that the commissioner, who made the sale of the real estate under the petition of the appellant's guardian, had complied with the provisions of section 21 of the act of June 9th, 1852, touching the relation of guardian and ward. In that section, it is provided that, "At the term of the court next after such sale, such guardian or commissioner shall make report thereof to such court, and produce the proceeds of sale, and the notes or obligations, or other securities taken to secure the payment of the purchase-money." 2 R S. 1876, p. 597. Counsel claim that the report of sale provided for in this section of the statute was for confirmation, and that, without such confirmation, no deed could be held valid. It is true, that no formal written report of sale appears to have been made, but it seems to us that the deeds in evidence, which were made by a commissioner appointed by the court for that purpose, were proof sufficient, in the absence of any evidence to the contrary, that the sales were reported to, and approved by, the court. We can not disturb the finding of the court on the evidence.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.

Opinion filed at November term, 1880.
Petition for a rehearing overruled at May term, 1881.