No 8900.

## MANHATTAN LIFE INSURANCE COMPANY *v.* DOLL.

80   113
124   481
127   464

80   113
154   324

80   113
160   653

PRACTICE.—*Pleading.*—*Answer.* – *Reply.*—When a paragraph of answer is useless, admitting no proof not otherwise admissible, there can be no available error in overruling a demurrer to any reply to it, or in refusing to strike it out, or in refusing to require it to be made more definite.

SAME.—*Bill of Exceptions.*—Motions to strike out pleadings and to make them definite, as well as the action of the court thereon, can appear of record only by bill of exceptions or special order of the court.

SAME—*Instructions.*—Instructions to the jury can be made part of the record only by bill of exceptions, order of the court, or complying with section 535, R. S. 1881. The memorandum "*not given* and excepted to" is not such a compliance.

SAME.—*Evidence.*—Instructions given, or modifications of those prayed, will, when the evidence is not in the record, be deemed correct, if they would be so under any possible evidence which the issues will admit.

From the Floyd Circuit Court.

*A. Dowling* for appellant.

*J. H. Stotsenburg, D. W. Lafollette* and *W. W. Tuley* for appellee.

WORDEN, J.—Action by the appellee against the appellant on a policy of insurance executed by the defendant, whereby the defendant assured the life of one Hezekiah B. Stran, for the benefit of the plaintiff Doll, who was the creditor of Stran.

Issue; trial; verdict and judgment for the plaintiff.

In his brief, the counsel for the appellant says : " The errors relied upon for the reversal of the judgment are :

" *First.* The decision of the court overruling the demurrer to the second paragraph of the reply.

" *Second.* The decision of the court overruling the appellant's motion to strike out the second paragraph of reply.

" *Third.* The decision of the court overruling the appellant's motion to make the second paragraph of reply more specific.

" *Fourth.* The decision of the court overruling the appellant's motion for a new trial."

Of these in their order : By the terms of the policy, an annual premium was to be paid by Doll, of $40.60, during the life of said Stran, to be paid on or before the 24th day of June. The following allegations are found in the complaint, viz. :

"That he, the said James A. Doll, promptly paid the defendant the annual premium stipulated for in said policy, up to and including the premium which became due on the 24th day of June, 1867 ; and the plaintiff further says, that afterwards, to wit, on the 15th day of September, 1867, the said Hezekiah B. Stran departed this life, of which fact the defendant then had due notice. * * * And the plaintiff further says that neither the said Hezekiah B. Stran, in his life-time, nor the said James A. Doll, violated in any manner any of the provisos or conditions contained in said policy, but that, on the contrary, they and each of them have fully complied with all the terms and conditions of said policy."

The defendant answered by general denial, together with a number of special or affirmative paragraphs. The third and fourth paragraphs were but argumentative denials of the allegations of the complaint, especially of the allegation that the plaintiff had paid to the defendant the premium falling due June 24th, 1867. The matter of these paragraphs, if it tended to establish a defence, could have been given in evidence under the general denial to the complaint. The second paragraph of the reply was addressed to the third and fourth paragraphs of answer. In this state of the record, if the ruling on the demurrer to the reply was erroneous, the error was a harmless one. The two paragraphs of answer and the reply thereto might have gone out of the record without any detriment to the defendant.

If the court had overruled the demurrer to the reply on the theory that the paragraphs of answer were bad, and that the reply was good enough for bad paragraphs of answer, which it might have done, the defendant was not injured, because under the general denial the matter of the paragraphs of answer could have been given in evidence. *Uhl* v. *Harvey,* 78 Ind. 26.

Manhattan Life Insurance Company *v.* Doll.

In respect to the motions to strike out the second paragraph of reply, and to make the same more specific, it is sufficient to say that it does not appear by any bill of exceptions that they were made by counsel or passed upon by the court; such motions, and the ruling upon them, can only be shown by bill of exceptions, or special order of the court.

We come to the motion for a new trial. There is no bill of exceptions in the record, and, of course, the evidence is not in the record. The motion was based upon giving, and the refusal to give, instructions. There was no order of the court making the instructions given or refused a part of the record. See code of 1852, section 559.

If, therefore, the instructions are to be regarded as in the record at all, compliance must have been had with sections 324 and 325 of the code.

We find in the record several instructions purporting to have been given by the court, on the margin of which are the words " excepted to," signed by counsel for the defendant. This is not a compliance with section 325, which provides that "A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, ' refused and excepted to,' or ' given and excepted to,' which shall be signed by the party or his attorney." In the absence of a bill of exceptions, or an order of the court making the instructions a part of the record, the only evidence which we can have that an instruction was either given or refused, is the statement, thus required to be made and signed by the party or his attorney, that it was thus " given " or " refused." This statement is lacking as to the instructions purporting to have been given by the court, and we can not notice them.

Two instructions given at the instance of the plaintiff, the 3d and the 6th, have the proper note on the margin, " given and excepted to," signed by the counsel for the defendant.

We need not set out these instructions at length. While they might not have been right under some states of evidence, they might have been right under other states of evidence that could have been given under the issues, and in the absence of the evidence we must presume that it was such as justified the giving of the charges. *The Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315.

In the transcript are several instructions purporting to have been asked by the defendant, on the margin of which are the words " not given and excepted to," and signed by the judge. Following this are the words " excepted to," signed by counsel for the defendant. This is not a compliance with the statute. We conceive that the words " not given " may not be equivalent to the word " refused," for the charges may not have been given because the court was not asked to give them, in which case they could not be said to have been refused. But, beyond this, the law does not contemplate this mode of showing that a charge was refused. The statement of the judge that a charge was refused can not dispense with the necessity of the statement provided for by statute, " refused and excepted to," signed by the party excepting or his counsel.

Exception was taken to the modification of other charges asked by the defendant, and given; but in the absence of the evidence we can by no means say that any error was committed in this respect.

We have thus considered the questions involved, and find no error in the record.

The judgment below is affirmed, with costs.

NOTE.—HOWK, J., having been of counsel in the cause, did not participate in its consideration.

Petition for a rehearing overruled.