The Louisville, New Albany and Chicago Railway Company v. Head.

No. 8819.

# THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. HEAD.

BILL OF EXCEPTIONS.—*Dismissal.*—*Next Friend.*—No question can be made in the Supreme Court upon a refusal to dismiss because of the insolvency of a next friend, unless the matter is shown by bill of exceptions.

NEW TRIAL.—*Error.*—Error can not be assigned upon the refusal to admit evidence. It may be cause for a new trial.

NEGLIGENCE.—*Railroad.*—*Pleading.*—A complaint against a railroad company for personal injury caused by the negligence of the defendant's servants, averring that the plaintiff "was without fault or negligence," sufficiently shows that the negligence of the plaintiff did not contribute to the injury, unless it otherwise appears by the complaint.

SAME.—*Street.*—When a public street crosses a railroad track, a foot passenger has a right to cross the railroad anywhere in the street, and to cross otherwise than by a footpath made for convenience is not negligence, though thereby his foot becomes so fastened between the rail of the track and a guard rail that he can not escape an approaching train, and in consequence is injured.

VERDICT.—*Interrogatories.*—*Judgment.*—*Practice.*—The answers of the jury to interrogatories will warrant a judgment, notwithstanding the general verdict, only when construed with each other they are found to be inconsistent with the latter. That they do not comprehend all the issues is not a reason for such a judgment.

SUPREME COURT.—*New Trial.*—*Evidence.*—The Supreme Court will nôt order a new trial because a mere preponderance of the evidence is against the verdict.

From the Lawrence Circuit Court.

*T. J. Jackson,* for appellant.

*G. G. Reily* and *A. C. Voris,* for appellee.

BICKNELL, C. C.—The appellee was an infant; he brought this suit by his next friend, against the appellant, to recover damages for the appellant's negligence.

On the day of the Presidential election, in 1876, the appellee and other boys were about the polls in the town of Mitchell; it was between four and five o'clock in the afternoon; at that place the appellant's road, running north and south, crosses Main street in the town of Mitchell, a street eighty feet wide

running east and west.   A switch, running southeasterly to a freight house, also crosses Main street close to the main track of appellant's road, and the target of that switch, where the switch begins, is fifty or sixty feet north of the north line of Main street.   An engine and some freight cars were standing on the main track north of and close to the beginning of the switch; the engine was at the north end of the cars.   In Main street, alongside of the track, the appellants had a " guard rail; " the appellee, nine years old, undertook to cross the railway in ' Main street, going northeasterly, and got his foot caught in the guard rail in Main street, about twenty feet south of the north line of the street.   At that time, as the evidence tends to show, there was a switchman at the target, and a brakeman on the top of the cars, and when the boy found he was caught, he cried for help, and immediately thereafter the train of cars began to back southward toward the boy, at the usual speed of a switching train.

The evidence further tends to show that several persons immediately cried out to the man at the switch, and gave signals to the brakeman on the top of the cars, by waving their hands and shouting, and that some of them ran to the boy to help him, but could not get him loose; and that the train came on and was not stopped until it had reached the boy, and cut his foot off, the bystanders holding his body out of the way.

The complaint was in two paragraphs.   A demurrer to the first was sustained, and a demurrer to the second was overruled.

The answer was the general denial.   The issue was tried by a jury, who failed to agree.   Afterwards the appellants moved to dismiss the cause on account of the insolvency of the appellee's next friend, and this motion was overruled.   The issue was again tried by another jury, who failed to agree.   The issue was again tried by a third jury, to whom interrogatories were propounded by both parties, and submitted by the court, and they returned a verdict for the plaintiff, with $1,000 damages.   They returned, also, the interrogatories and their answers thereto, as follows:

"First. Was there any effort made by those in charge of the train to stop the same until it was in the act of running over the foot of the plaintiff? Answer. No.

"Second. Had the persons in charge of the train kept a proper lookout for persons or objects upon the track, and for danger ahead, would they have discovered the plaintiff and known his situation in time to stop their train before it reached or injured the plaintiff? Answer. Yes.

"Third. Was the plaintiff's foot fastened between the rails of defendant's road, and so firmly held that he could not extricate the same, and while in this condition was he run upon and injured by said train? Answer. Yes.

"Fourth. Did those in charge of the train keep a reasonably careful watch ahead for danger while approaching the place where plaintiff was injured? Answer. No.

"Sixth. Were there such signals and alarms given by plaintiff, or by plaintiff and others, as would reasonably have advised and made known to those in charge of the defendant's train, the condition of the plaintiff? Answer. Yes."

The foregoing were the plaintiff's interrogatories.

The defendant's interrogatories were as follows:

"1. Was the defendant's train, by which plaintiff was injured, stopped as soon as could reasonably be done after defendant's train hands were notified or had knowledge that the plaintiff was fastened on the track? Answer. Yes.

"2. When the plaintiff was injured, was the defendant guilty of any negligence which caused the injury complained of? Answer. Yes.

"3. Were the defendants signalled to stop the train so that those in charge of the train had knowledge of the same? Answer. No.

"3½. Were signals given to those in charge of the train, under such circumstances that they ought reasonably to have known that there was danger ahead. Answer. Yes.

"4. Did not the train, as soon as its hands were notified

that there was a person on the track, immediately stop? Answer. No.

"5. Do you find that the plaintiff contributed to the injury he received, by any negligent or careless conduct or act on his part? Answer. No.

"6. Could the train have been stopped and the injury avoided if the engineer had been notified of the danger when the notice was first given by the plaintiff, or any other person, of his foot being fastened? Answer. Yes.

"7. Did the plaintiff follow the ordinary track for foot passengers to cross defendant's track at the time and place where said injury was sustained? Answer. No."

The appellant filed a motion for judgment in her favor on the answers of the jury to the interrogatories, which motion was overruled; the appellant's motion for a new trial was overruled; and her motion in arrest of judgment was also overruled; judgment was rendered on the verdict. This appeal was taken, and the following is the assignment of errors:

1. The court erred in overruling the demurrer to the second paragraph of the complaint.

2. The court erred in refusing to dismiss said cause on account of the insolvency of James A. Head, the next friend of the plaintiff.

3. The court erred in rejecting certain evidence in cross examination of William F. Head.

4. The court erred in ruling out certain evidence of John Head.

5. The court erred in refusing to give judgment for defendant on the special findings of the jury.

6. The court erred in overruling the motion for a new trial.

7. The court erred in overruling defendant's motion in arrest of judgment.

The second error assigned presents no question for consideration, because the matter therein referred to is not shown by any bill of exceptions.

The third and fourth errors assigned present matters con-

stituting cause for a new trial, but which, when assigned as error, present no question for decision. *Edwards* v. *Powell*, 74 Ind. 294.

The first and seventh errors assigned present the question, Is the second paragraph of the complaint sufficient? The complaint states that the appellant's railroad crosses Main street, a public street and highway in the town of Mitchell, Indiana; that in said street the appellant had a guard rail, leaving a space of two and one-half to four inches between the rails; that appellee was in the highway crossing the railroad track, and without any fault or negligence of his own, had his foot caught between the guard rail and the main rail, in said highway, and there fastened, so that he could not get away, and that the appellant, by her servants, wrongfully, negligently and carelessly caused one of her locomotives, with a train of cars attached thereto, to run over the appellee, and that, at the time this was done, the agents of the appellant in charge of said train well knew that appellee was on said crossing, and well knew his helpless condition; that by reason of said negligence said train passed over the foot and leg of the appellee and mangled and broke the same so that it had to be cut off, and that said injury was inflicted by said appellant without any fault or negligence of the appellee.

The objections made to this complaint are, that it fails to show how the guard rail was kept, and fails to show that the appellee was upon the track at a point where he had a right to be, or that he was at the proper place for foot passengers to cross said railway track, and fails to show that the appellee was not careless in entering upon the track at the point where he did.

But these objections can not be sustained. The complaint avers that there was no fault or negligence in the appellee, and there is nothing in the complaint which shows any negligence in him. He had a right to cross the railway anywhere within the highway; if somebody, for convenience, had made a gravel walk for foot passengers, the appellee was not bound

to use it; the averment that there was no fault or negligence in the appellee is enough, unless it appears elsewhere in the complaint that there was negligence; nothing of that sort can be found in this complaint. In the case of the *Jeffersonville, etc., R. R. Co.* v. *Goldsmith*, 47 Ind. 43, it was held that, between stations and public crossings, a railroad track belongs exclusively to the railroad company, and all persons who walk, ride or drive thereon are trespassers, and are subject to all the risks incident thereto; but that ruling is not applicable to the present case, because here the appellee was crossing the railroad in a public street where he had a right to cross it. There was, therefore, no error in overruling the demurrer to the second paragraph of the complaint, nor in overruling the motion in arrest of judgment. The fifth error assigned presents the question, whether the court erred in refusing to render judgment for the appellant, notwithstanding the general verdict for the appellee.

Such a motion can be granted in one case only, and that is where the answers to the interrogatories, which answers are sometimes called "special findings of facts," are inconsistent with the general verdict. Practice Act, section 337. The appellant's counsel urged, as a reason in support of this motion, that "the special findings did not comprehend all the issues," but that matter is not applicable to answers to interrogatories. Such answers are not required to comprehend all the issues. But the answers to the interrogatories in the case at bar, when taken together, are not inconsistent with the verdict; they rather reinforce it.

In answer to the 1st question of appellant, the jury said that the defendant's train was stopped as soon as it reasonably could be after the hands were notified, or had knowledge that the plaintiff was fastened in the track; but this must be taken in connection with the answers to the 4th and 6th questions of the appellee, which show that those in charge of the train did not keep proper " watch ahead for danger when approaching the place where the boy was," and that, if there

The Louisville, New Albany and Chicago Railway Company v. Head.

had been such watch, the signals and alarms given by the by-standers, would have been sufficient to notify the hands on the train.

The answer to defendants' 3d interrogatory shows that the defendants were not signalled to stop the train so that those on the train had notice of it; this, too, must be taken in connection with the answers to the other interrogatories. If the train men had come rushing on, after having had actual notice, it would have been a wilful and wanton act, grossly inhuman and cruel; but the answers show that they came on, because by their own negligence they failed to perceive what, with proper watch ahead for danger, they would have perceived.

The answer to the 7th interrogatory shows that the appellee was not on a foot-walk which had been made across the railroad at the side of Main street. The appellant's counsel claims that this shows that the appellee was not where he ought to have been, and was, therefore, a trespasser, subject to all risks. But such a proposition can not be maintained; the public has a right to cross the railroad anywhere in the public highway, and are not out of place in so doing. It appears by the answer to the 5th interrogatory of the appellant, that the train was stationary at the time the appellee was crossing the railroad. The answers to the interrogatories are not inconsistent with the verdict, and there was no error in overruling the appellant's motion for judgment *non obstante.*

Three reasons were alleged in support of the motion for a new trial:

1st. That the verdict is contrary to law.

2d. That the verdict was brought about by undue influence.

3d. That the verdict was contrary to the evidence.

The second of these reasons is not alluded to in the appellant's brief, and is, therefore, regarded as waived.

It is claimed that the verdict was contrary to law, because the evidence shows negligence on the part of the appellee; but the only negligence claimed is that the appellee was cross-

ing the track where he had no right to cross it, and, as already stated, he had a right to cross where he did.

The other reason alleged for a new trial is, that the verdict was contrary to the evidence. There was some evidence tending to support the verdict, and, where that is the case, the rule is that this court will not set aside a verdict upon a mere preponderance of the evidence against the verdict. *Lane* v. *Brown*, 22 Ind. 239; *Butterfield* v. *Trittipo*, 67 Ind. 338; *Rudolph* v. *Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Grant* v. *Westfall*, 57 Ind. 121; *Watt* v. *DeHaven*, 55 Ind. 128; *Cox* v. *The State*, 49 Ind. 568; *Richardson* v. *Reed*, 35 Ind. 356.

There was no error in overruling the motion for a new trial, and there is no available error in the record. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is, therefore, ordered by the court, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.