No. 9898.

THE INDIANA MANUFACTURING COMPANY v. MILLICAN, ADMINISTRATOR.

BILL OF EXCEPTIONS.—*Motion to Strike Out Pleading.—Affidavits.*—A motion to strike out or make a pleading more specific can be shown in the record

only by bill of exceptions or a special order; so, also, as to affidavits in support of motions made during the progress of a cause.

NEGLIGENCE.—*Action for Death of Another.*—*Pleading.*—*Decedents' Estates.*— In a suit in the name of an administrator, for an injury causing the death of his intestate, the complaint need not negative contributory negligence by the administrator.

SAME.—*Injury by Co-Servant.*—*Employer and Employee.*—Where a master fails to use ordinary and reasonable care in selecting a co-servant, and, being ignorant concerning him, employs him without enquiry, a fellow-servant who, without fault, is injured by the negligence and want of skill of the co-servant, may recover of the master, if the other facts requisite to a cause of action exist.

INSTRUCTIONS.—*Presumption.*—Unless all instructions given appear by the record, it will be presumed that others refused were embraced in those given.

From the Miami Circuit Court.

*H. J. Shirk, J. Mitchell, C. A. Cole, —— McClintock, J. L. Farrar, J. Farrar, W. C. Farrar* and *S. D. Carpenter,* for appellant.

*J. M. Calvert, M. Winfield, R. P. Effinger* and *W. E. Mowbray,* for appellee.

BICKNELL, C. C.—This was an action by an administrator to recover damages for an injury which caused the death of his decedent. It was brought under section 784 of the code of 1852, for the benefit of the widow and children, whose names, with their relation to the deceased, are stated in the complaint. All the questions arise under the third paragraph of the complaint. There was a trial by jury upon that paragraph and the general denial. The jury found for the plaintiff, with $1,200 damages. Motions, by defendant, for a new trial and in arrest of judgment were overruled, and judgment was rendered on the verdict. The defendant appealed.

The errors assigned and argued are:

1. Overruling the motion to make the complaint more specific.

2. Overruling the demurrer to the complaint.

3. Overruling the motion to make the defendant's receiver a co-defendant.

4. Overruling the motion to perfect the change of venue.

5. Striking out the second paragraph of the answer.

6. Giving the jury instructions Nos. 4, 5, 6, 7 and 8.

7. Refusing instructions Nos. 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, 15, 17, 18 and 20, demanded by defendant.

8. Overruling the motion for a new trial.

9. Overruling the motion in arrest of judgment.

Of the foregoing specifications Nos. 1, 3, 4 and 6 present no question for consideration. A motion to make a complaint more specific, and a motion to strike out a pleading, with the rulings of the court thereon, can be shown only by bill of exceptions or by special order of the court. *Manhattan L. Ins. Co.* v. *Doll,* 80 Ind. 113; *Merritt* v. *Cobb,* 17 Ind. 314. The same rule applies to affidavits filed in support of motions made during the progress of a cause. *Blizzard* v. *Phebus,* 35 Ind. 284; *Beck* v. *State,* 72 Ind. 250; *Wood* v. *Crane,* 75 Ind. 207; *Swan* v. *Clark,* 80 Ind. 57.

None of the matters mentioned in specifications Nos. 1, 3, 4 and 6 are shown in the bill of exceptions, nor is any order of court shown making such matters part of the record. The motions to make the receiver a party, and to perfect the change of venue, are said to have been founded on affidavits, and the affidavits are not in the bill of exceptions. The second specification of error questions the sufficiency of the complaint. The only objection made to the complaint is that it fails to allege that the man was killed without the contributory negligence of his administrator, but it does allege that he was killed without any contributory negligence on his own part. *Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r,* 23 Ind. 133.

In support of the demurrer we are referred to *Sullivan* v. *Toledo, etc., R. W. Co.,* 58 Ind. 26, but that was a case where the plaintiff was suing for the death of his minor child. In such a case the father is to some extent responsible for the safety of his minor child, and his negligence, contributing to the injury, ought to defeat his action. *Hathaway* v. *Toledo, etc., R. W. Co.,* 46 Ind. 25; *Jeffersonville, etc., R. R. Co.* v.

*Bowen,* 40 Ind. 545. But here the action is brought by the administrator, for the benefit of the widow and children. In such a case it is sufficient to aver, as the complaint here does, that the party injured was himself guilty of no negligence which contributed to the injury. *Louisville, etc., R. W. Co.* v. *Boland,* 53 Ind. 398. Contributory fault need not be denied when the facts stated show there was no such fault. *Duffy* v. *Howard,* 77 Ind. 182. There was no error in overruling the demurrer to the complaint, and as nothing is alleged in the appellant's brief in support of the motion in arrest of judgment, except the aforesaid objection to the complaint, there was no error in overruling that motion. This disposes of the 9th specification of error. Under the 6th specification of error the appellant, in its brief, discusses only the objections to the 7th and 8th instructions given by the court. The objections to instructions 4, 5 and 6 are therefore regarded as waived.

The 7th instruction was as follows:

"7. Again, if you find that at the time of the death of the deceased, the defendant had in his employ a man of the name of Laird; that he was employed by the defendant to assist the deceased in off-bearing lumber; that he was a stranger to the defendant, and the defendant knew nothing of his character, skill or qualification for such employment, and at the time of employing him to off-bear made no enquiries concerning his character, skill or qualifications, and failed to exercise ordinary and reasonable care in his selection, and that in point of fact said Laird was without skill, experience or fitness for said work, and through his negligence and want of proper skill the deceased was killed as alleged, without fault on his part, then the plaintiff is entitled to a verdict, provided all the other material allegations of the third paragraph of the complaint have been established by a preponderance of the evidence."

The appellant objects to the following part only of said charge; to wit: "That he was a stranger to the defendant, and

the defendant knew nothing of his character, skill or quali-
fications, and at the time of employing him to off-bear made
no enquiries concerning his character, skill or qualifications."
The appellant claims that this part of the seventh charge
was likely to mislead the jury; but we think that, taken in con-
nection with the remainder of the charge, this part could not
mislead the jury, and was not erroneous.

In the eighth instruction the court suggests to the jury
seven questions, and tells them that if from the evidence they
can answer all these questions in the affirmative, " then the
plaintiff is entitled to a verdict, provided all the other mate-
rial allegations of the third paragraph of the complaint have
been established by a preponderance of the evidence."

The appellant objects to the following, which was one of
the seven questions embraced in said eighth instruction, to
wit: "Was the place where he was at work one of more than
ordinary danger?" The theory of this instruction was, that,
unless the place was one of more than ordinary danger, then
the defendant was not bound to so much care in the selection
of the fellow-servant. Practically, the suggestion of that
question was favorable to the appellant; taking it in connec-
tion with the remainder of the eighth instruction, the appel-
lant had no right to complain of it.

The seventh specification of error relates to the refusal of
instructions. Upon this the rule is, that unless it appears by
the record that all the instructions given to the jury are prop-
erly before the court, the refusal of instructions is not an
available error. *Coryell* v. *Stone,* 62 Ind. 307 ; *Pittsburgh,*
*etc., R. R. Co.* v. *Noel,* 77 Ind. 110, 118. Where the record
does not profess to contain all the instructions, it may be pre-
sumed that the court gave any others besides those appearing
in the record which were necessary to enable the jury to un-
derstand the law of the case. *Coryell* v. *Stone, supra; Pitts-*
*burgh, etc., R. R. Co.* v. *Noel, supra; Smith* v. *Kyler,* 74 Ind.
575, 585.

In this case there is nothing in the record showing that the

instructions set out in the bill of exceptions were the only in-
structions given in the case. Without such a showing we can
not, under the authority of the cases just cited, consider further
the instructions refused. The record does not exclude the
legal presumption that they were refused for sufficient reasons.
*Fitzgerald* v. *Jerolaman*, 10 Ind. 338.

The only remaining specification of error is the eighth, to
wit, overruling the motion for a new trial. Under this spec-
ification the only reasons for a new trial discussed in the brief
of the appellant are, that the verdict was not sustained by suf-
ficient evidence, and is contrary to law. There was evidence
tending to support the verdict, and where that is the case, the
rule is that this court will not set aside a verdict upon a mere
preponderance of the evidence against the verdict. *Louisville,
etc., R. W. Co.* v. *Head*, 80 Ind. 117, and cases there cited.
We can not say that the verdict was not sustained by suffi-
cient evidence, nor that it was contrary to law. *Boyce* v. *Fitz-
patrick*, 80 Ind. 526. There is no available error in the record.
The judgment ought to be affirmed. *Ohio, etc., R. W. Co.* v.
*Collarn*, 73 Ind. 261 (38 Am. R. 134).

PER CURIAM.—It is therefore ordered, on the foregoing
opinion, that the judgment of the court below be and it is
hereby in all things affirmed, at the costs of the appellant.