### J. F. REED v. PERRY LISTON.

#### No. 622.

1. **What is a Final Judgment.**—A judgment which does not dispose of all the defendants nor of all the subject matter of the controversy is not a final judgment, and does not deprive the court of jurisdiction to render a final judgment at a subsequent term of the court.

2. **Practice—Hearing Evidence After Argument.**—The trial was before the court without a jury. Before the argument was concluded the time for taking up the criminal docket arrived and the case was postponed for two weeks, when defendant was permitted to recall a witness. There was no error in the action of the court.

APPEAL from Panola. Tried below before Hon. W. J. GRAHAM.

*Drury Field*, for appellant.—1. The judgment rendered in the case of Smith et al. v. Dan Briggs, Homer Cadenhead, Perry Liston, and J. F. Reed was a final judgment as rendered on the 23rd day of October,

1891, settling the rights of all the parties adjudicated therein, as to all parties concerned, and after the term elapsed and the minutes were signed, the court could not set it aside without the consent of each party affected thereby; and the judgment rendered at the next term in the same cause was a nullity as against J. F. Reed, because the court had exhausted its jurisdiction over the subject matter as well as the persons of the parties to the judgment, by reason of the operation of the first judgment. Henderson v. Moss, 82 Texas, 69; Imlay v. Bruster, 3 Texas Civ. App., 103.

2. A judicial mistake can not be corrected after the term expires at which the judgment was rendered. Henzie v. Kempner, 82 Texas, 617.

3. The case having been submitted more than two weeks before the reopening of the cause and the introduction of additional material evidence in behalf of appellee, the action of the court was not authorized, and was an abuse of its discretion.

*J. G. Hazlewood* and *E. A. Hull,* for appellee.—The judgment rendered on the 23rd day of October, 1891, was not a final but an interlocutory judgment. Not being a final judgment, it did not dispose of the case, nor finally settle all the rights of the parties.

GARRETT, CHIEF JUSTICE.—J. F. Reed, the appellant, brought this suit to enjoin the execution of a judgment obtained against him by the appellee, Perry Liston, in the District Court of Panola County, in an action of trespass to try title, upon the warranty of Reed to Liston of title to land recovered of Liston in said suit. Plaintiff alleged that the judgment sought to be enjoined was obtained as a result of a fraudulent combination between the plaintiffs and defendants in said suit, and misrepresentations made to counsel for plaintiff herein, by which he was caused to be absent from the court at the term at which the judgment was taken. He also alleged that the judgment was void, because the suit had already been determined at the preceding term of court by a final judgment therein, and the court had no further jurisdiction of the cause. A preliminary injunction was granted, but upon trial the injunction was dissolved and judgment was rendered in favor of the defendant.

Upon examination by us of the grounds of error in the judgment of the court below, assigned by the appellant and relied on for a reversal of the judgment, we are of the opinion that it ought to be affirmed.

*Conclusions of Fact.*—So far as pertinent to the disposition of the case, the following facts were shown on the trial:

1. On the 23rd day of October, 1891, a judgment was entered in the District Court of Panola County, in cause number 2753, Mary C. Smith et al., plaintiffs, v. H. Cadenhead et al., defendants, which appellant contends was a final judgment. Said judgment set out at length an agreement made between the plaintiffs and the defendants, Perry Lis-

ton and Dan Briggs, from which it appeared that the defendants, Briggs and Liston, had separately filed answers and disclaimed as to the land sued for, except certain tracts therein described. A proviso was made in the agreement, which was a part of the judgment, that the settlement should in nowise affect the right of plaintiffs to recover against Liston the fifty acres of land conveyed to him by J. F. Reed. It may be inferred that as to Liston and Briggs, plaintiffs were to recover the balance of the land. The judgment then proceeds to award judgment against the plaintiffs in favor of Briggs and Liston separately for the tracts described in the agreement, and closes as follows: "The said Dan Briggs and Perry Liston having disclaimed as to all of the land sued for by plaintiffs save and except the three tracts above described, it is considered, ordered, and adjudged, that they go hence without day and recover of the plaintiffs their costs in this behalf expended, and that the defendants Liston and Briggs be forever quieted in their title and possession of the lands herein adjudged to them." There are no pleadings belonging to said suit in evidence.

2. At the next succeeding term of court, on April 11, 1892, another judgment was entered in said cause, which finally awarded judgment in favor of plaintiffs for the land against all of the defendants, except as against Liston, Briggs, and H. Cadenhead; but as to the fifty acres, it appears that plaintiff recovered, and Liston recovered over against Reed upon his warranty. This judgment recites that it is a correction of a judgment previously entered upon the same day, which also appears in the record.

3. The three judgment entries above mentioned are all set out in full in the statement of facts, and are adopted as a part of these conclusions for reference, if deemed necessary.

*Conclusions of Law.*—1. The judgment entered on October 23, 1891, in cause number 2753, did not dispose of all of the defendants, nor of all the subject matter of the controversy, and was not a final judgment, but only an interlocutory judgment. Hence the court was not without jurisdiction to render a final judgment in said cause at the next term of the court.

2. There is no merit in the third assignment of error, with respect to the action of the court in reopening the case after it had been under advisement for two weeks, and hearing material evidence over the objection of plaintiff. The case was tried without a jury, and it appears from the bill of exception that before argument was concluded the time for taking up the criminal docket arrived, and the case was postponed for two weeks, when defendant was permitted to recall a witness. In response to plaintiff's objection, the court offered to entertain a motion for a postponement to enable plaintiff to procure rebutting testimony; but counsel stated that it would do no good, as his client knew nothing about the matter, and could offer nothing in rebuttal.

· 3. The remaining assignments are too general to require consideration.

                                                *Affirmed.*

Delivered September 20, 1894.

· Writ of error refused by the Supreme Court, November 30, 1894.