## BERRY v. LAKE ERIE & W. R. CO.

### (Circuit Court, D. Indiana.  December 5, 1895.)

1. FEDERAL COURTS—GENERAL LAW—IMPUTED NEGLIGENCE.

The question whether or not the negligence of a parent should be imputed to a child of tender years is one of general law, upon which a federal court will be guided by its own views of that law, and is not bound by the decisions of state courts.

2. NEGLIGENCE—IMPUTED—PARENT AND CHILD.

The negligence of a parent, in permitting a child of tender years to wander from home alone, will not be imputed to the child if it is injured by another's negligence while so wandering alone.

3. SAME—CHILD OF SCHOOL AGE.

It seems that, even if negligence of a parent were to be imputed to a child, it is not negligence to permit a child of school age to go alone, through the streets of a city, to school.

Conner & McIntosh and Duncan & Smith, for plaintiff.

W. E. Hackedorn, John B. Cockrum, and Miller, Winter & Elam, for defendant.

BAKER, District Judge. This is an action by Pearlie Berry by her next friend, Addie Berry, against the Lake Erie & Western Railroad Company, to recover damages for injuries sustained by her through the negligence and want of care of the defendant. The plaintiff is an infant of the age of seven years, and was injured by a train of the defendant coming in collision with her while she was attempting to pass over the tracks of the railroad where the same crosses a public alley and thoroughfare used by the public for travel in the city of Connersville, Ind. The negligence charged consisted in running its train of cars at the rate of 20 miles per hour, in violation of an ordinance of that city; and in making a flying switch with that portion of the train which had been separated from the engine, and in having no person on the same to govern its movements, or to warn persons having occasion to cross the railroad tracks of danger from the cars so moving without control. The defendant has answered the complaint in two paragraphs,—First, in denial; secondly, alleging that the plaintiff ought not to have or maintain her action, "because her own negligence, and that of her mother, who had charge of her, in a material degree contributed to bring about such accident." The plaintiff moves to strike out of the answer the words, "and that of her mother, who had charge of her," on the ground that the same are irrelevant and immaterial. In argument it is insisted that the plaintiff, who sues in her own right, for personal injuries sustained by her, cannot.be barred or precluded from recovery by the negligence or want of care of her mother. On the other hand, it is maintained that the mother's negligence is imputable to the child, and bars her right of recovery.

No case has been cited, and none is known to the court, in which the question here presented has been considered and decided by any federal court. Under the doctrine announced in the case of Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, the question is manifestly one of general law, and not a question of local law, to be settled by the decisions of the highest courts of the state in which the cause of action arises. In that case, which arose in the state of Ohio, it was held that the question whether the engineer and fireman of a locomotive engine, running alone on a railroad, and without any train attached, were fellow servants of the company, so as to preclude the latter from recovering from the company for injuries caused by the negligence of the former, was not a question of local law, to be settled by the decisions of the supreme court of that state. The court determined the question as one of general law, and reached a conclusion exactly the reverse of that held by the supreme court of the state of Ohio. The question presented by the pending motion has been more or less directly before the supreme court of the state of Indiana in the following cases, viz.: Railway Co. v. Vining's Adm'r, 27 Ind. 513; Railroad Co. v. Huffman, 28 Ind. 287; Railroad Co. v. Bowen, 40 Ind. 545; Hathaway v. Railway Co., 46 Ind. 25; Sullivan v. Rail-

way Co., 58 Ind. 26; Manufacturing Co. v. Millican, 87 Ind. 87; Railway Co. v. Tappenbeck, 9 Ind. App. 422, 36 N. E. 915; Railway Co. v. Sears (Ind. App.) 38 N. E. 837. The tendency of these decisions is in support of the doctrine that, where a child is of such tender years and immature judgment as to be incapable of exercising care for its own safety, the negligence or want of care of its parents will be imputed to the child; and, if the injury to the child arose from the contributory negligence of its parent, no recovery can be had for such injury. If I felt constrained to follow the decisions of the highest court of this state, I should feel it my duty to overrule the motion; but I regard the question as one which ought to be determined upon the general principles of the law, uncontrolled by the decisions above cited, except in so far as those decisions may commend themselves to the court as enunciating a correct statement of the law. Where a parent brings an action to recover damages in his own right for injuries to his child, it may be regarded as settled on authority, and in harmony with sound principles, that the negligence of the parent contributing to the injury will preclude a recovery by such parent. And where the child is of such tender years as to be incapable of exercising care for its own safety, it may be that the negligence of the parent who is present in charge of it at the time the injury happens ought to be imputed to the child. This question, however, is not now before the court, and it declines to express any definite opinion upon it. But when the parent is not present to exercise care for the child, I cannot assent to the doctrine that when it has been injured by the carelessness and negligence of a third person, it is remediless because the parent has been guilty of negligence in permitting the child to wander from its home. In this state, if a man negligently places his property on his own premises, where it is exposed to fire from passing locomotives, he may still recover damages for its destruction if the fire was communicated to it through the negligence of the engine driver or the defects of the engine. So, if the property of an infant is injured or destroyed by the negligence of a third person, and the negligence of the parent has contributed to such injury or destruction, the infant may maintain an action against such third person, and the contributory negligence of the parent will not preclude a recovery. Surely, the law ought to guard the life and limbs of a helpless infant with as jealous a care as it does its property rights.

It is said that the helpless infant is intrusted by the divine and human law to the watch care of its parents while the infant remains of such tender years and immature judgment as to be incapable of exercising care for itself. The child has the right to expect, and it generally receives, sufficient care and protection from the promptings of paternal and maternal love; but where such care is not exercised, or proves insufficient to protect the child, ought it to suffer irreparable injury without redress because the parent, from want of care, has failed to protect it from harm? The child had no voice in choosing to whom its care and custody should be given; and it seems a harsh, if not cruel, rule which makes it answerable in its maimed limbs or ruined health for the negligence of its par-

ents. Well might such a child inquire, when it reaches years of discretion, who made me my parents' keeper? The parent's care ought to be a shield to protect, but the want of it ought not to be used as a sword to impair or destroy, the right of an infant to recover for injuries inflicted by a wrongdoer. In such case the wrong of the parent is passive, while that of the wrongdoer is active and aggressive; and the injury would not have occurred had it not been for the active wrong of such third person.

If a wife, who has intrusted herself to the care of her husband, is injured while riding in a carriage or other vehicle driven by him, through the negligence of a third person, her husband's contributory negligence will not prevent her from recovering damages for her personal injuries. Why should the helpless child, with no power of choice, be in a worse situation than the mother who had the power to select the driver to whose care she would intrust her safety? The rule of imputed negligence as applied to infants incapable of exercising care for their own safety is an anomaly in our jurisprudence. "The English law," it has been said by a text writer of approved authority, "presents a singular illustration. On the one hand, it is held that the negligence of a person having charge of a child is the negligence of the child, and imputable to it, when the child comes into a court of justice, and asks damages for an injury negligently inflicted upon it by the defendant. But, on the other hand, where a donkey is carelessly run down in the highway, where he is negligently exposed, the defendant is held liable; and, though oysters are negligently placed in a river bed, it is an injury redressable at law in damages for a vessel negligently to disturb them. It appears, therefore, that the child, were he an ass or an oyster, would secure a protection which is denied him as a human being of tender years in such jurisdictions as enforce the English and New York rule in this respect." Beach, Contrib. Neg. (2d Ed.) § 127. The doctrine which imputes to an infant non sui juris the negligence of its parent or guardian, seems to be unsound in principle, and is not supported by the weight of authority. It is yielding to the more enlightened and humane rule which denies the doctrine of imputed negligence in relation to infants incapable of exercising care for their own safety. The doctrine originated in New York in the case of Hartfield v. Roper, 21 Wend. 615, and is still maintained in that jurisdiction. It is followed in Massachusetts, in Gibbons v. Williams, 135 Mass. 333; Casey v. Smith, 152 Mass. 294, 25 N. E. 734; in Maine, in O'Brien v. McGlinchy, 68 Me. 552; in California, in Meeks v. Railroad Co., 52 Cal. 602; in Minnesota, in Fitzgerald v. Railway Co., 29 Minn. 336, 13 N. W. 168; in Maryland, in Railway Co. v. McDonnell, 43 Md. 534; in Kansas, in Railroad Co. v. Smith, 28 Kan. 541; in Delaware, in Kyne v. Railroad Co. (Del. Super.) 14 Atl. 922; in Wisconsin, in Parish v. Town of Eden, 62 Wis. 272, 22 N. W. 399; and in Indiana, in the cases supra. The doctrine is repudiated in Illinois in Railway Co. v. Wilcox, 138 Ill. 370, 27 N. E. 899; in Pennsylvania, in Railway Co. v. Schuster, 113 Pa. St. 412, 6 Atl. 269; in Virginia, in Railroad Co. v. Groseclose's Adm'r, 88 Va. 267, 13 S. E. 454; in Vermont, in Robinson v. Cone,

22 Vt. 213; in Alabama, in Iron Co. v. Brawley, 83 Ala. 371, 3 South. 555; in Tennessee, in Whirley v. Whiteman, 1 Head, 610; in Ohio, in Railroad Co. v. Snyder, 18 Ohio St. 399; Railway Co. v. Eadie, 43 Ohio St. 91, 1 N. E. 519; in Connecticut, in Daley v. Railroad Co., 26 Conn. 591; in Missouri, in Winters v. Railway Co., 99 Mo. 509, 12 S. W. 652; in Michigan, in Shippy v. Village of Au Sable, 85 Mich. 280, 48 N. W. 584; in Nebraska, in Huff v. Ames, 16 Neb. 139, 19 N. W. 623; in North Carolina, in Bottoms v. Railroad Co., 114 N. C. 699, 19 S. E. 730; in Texas, in Allen v. Railway Co. (Tex. Civ. App.) 27 S. W. 943; in New Hampshire, in Bisaillon v. Blood, 64 N. H. 565, 15 Atl. 147; in Iowa, in Wymore v. Mahaska Co., 78 Iowa, 396, 43 N. W. 264; in Mississippi, in Westbrook v. Railroad Co., 66 Miss. 560. 6 South. 321; in Louisiana, in Westerfield v. Levis, 9 South. 52; in Georgia, in Railway Co. v. Gravitt, 20 S. E. 550; in New Jersey, in Newman v. Railroad Co., 52 N. J. Law, 446, 19 Atl. 1102; and in the District of Columbia, in Moore v. Railroad Co., 2 Mackey, 437. There is a general consensus of opinion among modern text writers in repudiation of the doctrine of imputed negligence in the case of infants of such tender years and immature judgment as to be incapable of exercising care for their own safety. Beach, Contrib. Neg. (2d Ed.) §§ 127, 132; Bish. Noncont. Law, §§ 581, 583; Shear. & R. Neg. (4th Ed.) § 75 et seq.; 2 Thomp. Trials, § 1687; and Whart. Neg. (2d Ed.) §§ 313, 314.

The doctrine of imputed negligence ought not to apply in this case for an additional reason. The law of this state has fixed the age of six years as the time when children become entitled to the benefits of the public school system. It cannot be assumed, when a child has reached that age, that it is an act of negligence on the part of the parent to permit the child to travel unattended upon the streets and highways for the purpose of going to school. This being true, negligence ought not to be imputed to a child seven years of age because the mother permits it to travel unattended along a public street or highway. Children of such age cannot be deemed wrongdoers, nor can negligence be imputed to them simply because they use the highway for travel unattended by some older person. For these reasons the motion to strike out is sustained, to which the defendant excepts, and 20 days are given within which to file a bill of exceptions.